IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INNOVATIVE PATENTS, L.L.C. and FORCEFIELD, LLC,<br><br>　　　　　　　Plaintiffs,<br><br>v.<br><br>BRAIN-PAD, INC.,<br><br>　　　　　　　Defendant. | Civil Action No. 07-680 |

ANSWER TO COMPLAINT, COUNTERCLAIM
and
DEMAND FOR JURY TRIAL

Defendant, Brain-Pad, Inc. ("answering defendant"), by way of Answer to the Complaint filed by plaintiffs, Innovative Patents, L.L.C. and Forcefield, LLC, hereby states that:

**Parties and Jurisdiction**

1.　　Answering defendant has insufficient knowledge to admit or deny the truth of the allegations asserted in this paragraph, and so leaves plaintiffs to their proofs. To the extent that such allegations implicate any liability on the part of the answering defendant, such allegations are denied.

2.　　Answering defendant has insufficient knowledge to admit or deny the truth of the allegations asserted in this paragraph, and so leaves plaintiffs to their proofs. To the extent that such allegations implicate any liability on the part of the answering defendant, such allegations are denied.

3.　　Admitted.

4. The allegations of this paragraph are legal conclusions for which no answer is required. To the extent that such allegations implicate any liability on the part of the answering defendant, such allegations are denied.

5. The allegations of this paragraph are legal conclusions for which no answer is required. To the extent that such allegations implicate any liability on the part of the answering defendant, such allegations are denied.

6. The allegations of this paragraph are legal conclusions for which no answer is required. To the extent that such allegations implicate any liability on the part of the answering defendant, such allegations are denied.

### Infringement of U.S. Patent No. 7,234,174

7. The answering defendant does hereby repeat and incorporate by reference the answers set forth in the foregoing paragraphs, as if more fully set forth herein.

8. The allegations of this paragraph are legal conclusions for which no answer is required. To the extent that such allegations implicate any liability on the part of the answering defendant, such allegations are denied.

9. Answering defendant has insufficient knowledge to admit or deny the truth of the allegations asserted in this paragraph, and so leaves plaintiffs to their proofs. To the extent that such allegations implicate any liability on the part of the answering defendant, such allegations are denied.

10. Answering defendant has insufficient knowledge to admit or deny the truth of the allegations asserted in this paragraph, and so leaves plaintiffs to their proofs. To the extent that such allegations implicate any liability on the part of the answering defendant, such allegations are denied.

11. Answering defendant has insufficient knowledge to admit or deny the truth of the allegations asserted in this paragraph, and so leaves plaintiffs to their proofs. To the extent that such allegations implicate any liability on the part of the answering defendant, such allegations are denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

WHEREFORE, answering defendant demands that the Complaint of the plaintiffs be dismissed in its entirety, with costs and counsel fees awarded to answering defendant.

### First Affirmative Defense
### (Invalidity of the '174 Patent)

Plaintiffs' claims are barred, in whole or in part, because the claims of the '174 Patent are invalid under 35 U.S.C. §§102, 103, and/or 112.

### Second Affirmative Defense
### (Unenforceability of the '174 Patent)

The '174 Patent is unenforceable because plaintiffs failed to disclose all non-cumulative, material prior art, of which plaintiffs were aware, to the United States Patent & Trademark Office during the prosecution of the '174 Patent.

### Third Affirmative Defense
### (Laches and estoppel)

The '174 Patent is unenforceable against the answering defendant since plaintiffs are guilty of laches and estoppel.

### Fourth Affirmative Defense
### (Unclean hands and inequitable conduct)

The '174 Patent is unenforceable against the answering defendant by reason of unclean hands and inequitable conduct on plaintiffs' part in the assertion of the '174 Patent.

### Fifth Affirmative Defense
### (Other Affirmative Defenses Based on Later Discovery Evidence)

The answering defendant reserves all affirmative defenses under Fed.R.Civ.Pro. 8(c) of the Federal Rules of Civil Procedure, the patent laws of the United States, and any other defenses, at law or in equity, that may now exist or in the future may be available based on discovery and further factual investigation in this case.

### Counterclaims

1. These counterclaims are based upon the patent laws of the United States, 35 U.S.C. §1 *et seq.*

2. These counterclaims constitute an action for declaratory judgment under 28 U.S.C. §2201.

3. This court has jurisdiction over these counterclaims under 28 U.S.C. §§1331 and 1338(a).

4. Venue of these counterclaims is proper under 28 U.S.C. §§1391 and 1400(b).

### Count I
### (Invalidity of '174 Patent)

5. The answering defendant incorporates by reference, as if more fully set forth herein, and re-alleges paragraphs 1 through 3 of plaintiffs' Complaint.

6. Upon information and belief, the answering defendant incorporates by reference, as if more fully set forth herein, and re-alleges paragraphs 9 through 11 of plaintiffs' Complaint.

7. Plaintiffs have charged the answering defendant with infringement of the '174 Patent, and the answering defendant has denied any infringement of it and has further denied that the patent is valid and enforceable.

8.  Therefore, there exists an actual and justiciable controversy between plaintiffs and the answering defendant with respect to the answering defendant's purported infringement of the patent and its validity.

9.  The answering defendant has not infringed, and is not now infringing, either directly or in a contributory fashion, and has not induced others to infringe, the '174 Patent.

10. The '174 Patent is invalid and void for failing to comply with requirements of patentability under the provisions of 35 U.S.C. §§102, 103 and/or 112.

11. Unless plaintiffs are permanently enjoined from doing so, plaintiffs will continue to bring charges of infringement and acts of enforcement or suit based upon the '174 Patent against the answering defendant and those in privity with the answering defendant, including the answer defendant's customers and prospective customers.

**Count II**
**(Inequitable Conduct/Unenforceability of the '174 Patent)**

12. The answering defendant does hereby repeat and incorporate by reference the answers set forth in the foregoing paragraphs of the Counterclaim, as if more fully set forth herein.

13. No product currently being made, used, offered for sale, or sold by the answering defendant is within the scope of any claim of the '174 Patent.

14. No product made, used, offered for sale, or sold by the answering defendant since June 26, 2007 was within the scope of any claim of the '174 Patent.

15. Upon information and belief, the answering defendant states that the '174 Patent is invalid and void under 35 U.S.C. §§102, 103, and 112, for one or more of the following reasons:

a) The purported invention claimed in the patent was known or used by others in this country, or patented or described in a printed publication in this or a foreign country, prior to its purported invention by the alleged inventor.

b) The purported invention claimed in the patent was patented or described in a printed publication in this or a foreign country, or was in public use or sale in this country, more than one (1) year prior to the date of the application for a patent in the United States.

c) The purported invention claimed in the patent was described in patents granted on applications for patents by others filed in the United States before the purported invention by the alleged inventor.

d) The alleged inventor did not himself invent the subject matter sought to be patented.

e) Before the inventor made the alleged invention claimed in the patent, the invention was made in this country by others who have not abandoned, suppressed, or concealed it.

f) The differences between the subject matter sought to be patented and the prior art are such that the subject matter sought to be patented as a whole would have been obvious at the time the alleged invention was made to a person having ordinary skill in the art to which the subject matter pertains.

g) The specification of the patent does not contain a written description of the purported invention in such full, clear, concise and exact terms as to enable a person skilled in the art to which it pertains to make and use it, and does not set forth the best mode contemplated by the inventor in carrying out the invention.

h) The claims of the patent do not particularly point out and distinctly claim the subject matter which the inventor regards as his invention.

i) The claims of the patent are indefinite, ambiguous, uncertain, and incomprehensible.

j) The subject matter claimed in the patent is substantially different from any inventions indicated, suggested, or described in the application for it.

16. In view of the state of the prior art and the language of the claims of the '174 Patent, and by reason of the proceedings had or taken in the United States Patent & Trademark Office during and after the prosecution of the application for the patent, plaintiff is estopped

6

from maintaining that the claims of the '174 Patent have such scope as to cover and embrace any product that the answering defendant has made, used, offered for sale, or sold.

17. The '174 Patent has not been and is not being infringed by the answering defendant and the answering defendant has not made, used, offered for sale, or sold any item or committed any act that comes within the scope of any claim made by the plaintiffs.

18. The '174 Patent is unenforceable by reason of misuse of the patent by plaintiffs, their agents, attorneys, and/or those in privity with plaintiffs by their anti-competitive attempts to assert the '174 Patent.

19. On account of the foregoing, the answering defendant has and will continue to suffer injury and economic harm.

WHEREFORE, the answering defendant requests judgment against plaintiffs as follows:

a) Plaintiffs' Complaint be dismissed with prejudice.

b) The answering defendant be adjudged not to have infringed upon the '174 Patent.

c) The '174 Patent be declared invalid and unenforceable.

d) Plaintiffs be enjoined and restrained from all further charges of infringement and acts of enforcement of suit based upon the '174 Patent against answering defendant, or anyone a privity with the answering defendant, including the answering defendant's customers and prospective customers.

e) Judgment be entered against plaintiffs for three times all damages incurred by the answering defendant by reason of plaintiffs' violation of the anti-trust laws.

f) Judgment be entered against plaintiffs for damages sustained by the answering defendant resulting from plaintiffs' anti-competitive actions.

g) The answering defendant be awarded costs of suit and reasonable attorneys' fees, the amount to be fixed by this court, as provided by §285 of the Patent Act (35 U.S.C. §285), and §4 of the Clayton Act (15 U.S.C. §15).

    h)    For such other relief as this court may deem just and equitable.

### Jury Demand

A jury trial is demanded as to all issues raised in plaintiffs' Complaint.

Dated: January 4, 2008

ARCHER & GREINER, P.C.

*/s/ Charles J. Brown, III*
Charles J. Brown, III, Esq. (DE-3368)
cbrown@archerlaw.com
300 Delaware Avenue
Suite 1370
Wilmington, DE 19801
Telephone:   (302) 777-4350
Facsimile:   (302) 777-4352

And

John C. Connell, Esquire
jconnell@archerlaw.com
John F. Letchford, Esquire
jletchford@archerlaw.com
Stephanie A. Gannon, Esquire
sgannon@archerlaw.com
Archer & Greiner, P.C.
One Centennial Square
Haddonfield, NJ 08033
Telephone:   (856) 795-2121
Facsimile:   (856) 795-0574

Attorneys for Defendant, Brain-Pad, Inc.

## CERTIFICATE OF SERVICE

     CHARLES J. BROWN III, an attorney duly admitted to the bar of the State of Delaware, hereby certifies that on January 4, 2008, I caused a copy of Brain-Pad, Inc.'s Answer, Counterclaim and Jury Demand to be served via first class mail and/or EFC on the parties listed below:

Elizabeth M. McGeever
J. Clayton Athey
PRICKETT, JONES & ELLIOTT, P.A
1310 King Street
Wilmington, DE 19801

and

Joseph J. Fleischman, Esquire
William R. Robinson, Esquire
Davy E. Zoneraich, Esquire
Norris, McLaughlin & Marcus, P.A.
P.O. Box 1018
Somerville, NJ 08876-1018

                                                */s/ Charles J. Brown, III*
                                                Charles J. Brown III (Bar No. 3368)