IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

Innovative Patents, L.L.C. and Forcefield,     )
LLC,                                            )
                                                )
            Plaintiffs,                         )
                                                )
      v.                                        )     Civil Action No. 07-680-***
                                                )
Brain-Pad, Inc.,                                )
                                                )
            Defendant.                          )

---

### BRIEF IN SUPPORT OF PLAINTIFFS' MOTION TO DISMISS COUNT II OF DEFENDANT'S COUNTERCLAIM PURSUANT TO F.R.C.P. 12(b)(6)

---

PRICKETT, JONES & ELLIOTT, P.A.
Elizabeth M. McGeever (#2057)
J. Clayton Athey (#4378)
1310 King Street, P.O. Box 1328
Wilmington, Delaware 19899-1328
emmcgeever@prickett.com
jcathey@prickett.com
Ph: (302) 888-6500
*Attorneys for Plaintiffs*
*Innovative Patents, L.L.C. and Forcefield, LLC*

OF COUNSEL:

Joseph J. Fleischman, Esq.
William R. Robinson, Esq.
Mark A. Montana, Esq.
NORRIS MCLAUGHLIN & MARCUS, P.A
721 Route 202-206
P.O. Box 1018
Somerville, New Jersey 08876-1018
Ph: (908) 722-0700

DATED:  January 24, 2008

## TABLE OF CONTENTS

**Page No.**

TABLE OF AUTHORITIES ........................................................................................................... ii

PRELIMINARY STATEMENT .................................................................................................. 1

PROCEDURAL HISTORY........................................................................................................ 1

SUMMARY OF ARGUMENT .................................................................................................. 2

STATEMENT OF FACTS .......................................................................................................... 3

LEGAL ARGUMENT  COUNT II OF THE COUNTERCLAIM DOES NOT ALLEGE
         CLAIMS FOR INEQUITABELE CONDUCT AND/OR PATENT MISUSE
         WITH THE SPECIFICITY REQUIRED AND THEREFORE MUST BE
         DISMISSED UNDER  F.R.C.P. 12(b)(6) ............................................................. 4

CONCLUSION............................................................................................................................ 10

## TABLE OF AUTHORITIES

**Page No.**

### FEDERAL CASES

*Advanced Cardiovascular Systems, Inc. v. Scimed Systems, Inc.,*
  40 U.S.P.Q. 2d 1291 (1996 WL 467277) (N.D. Cal 1996) ...................................7, 8

*Agere Systems Guardian Corp. v. Proxim, Inc.,*
  190 F.Supp.2d 726 (D. Del. 2002)...................................................................................4, 5

*Braun, Inc. v. Dynamics Corp. of America,*
  975 F.2d 815 (Fed.Cir. 1992)..............................................................................................5

*C.R. Bard, Inc. v. M3 Sys., Inc.,*
  157 F.3d 1340 (Fed.Cir. 1998), *cert. denied,* 526 U.S. 1130 (1999)........................7

*Central Admixture Pharmacy Services, Inc. v. Advanced Cardiac,*
  482 F.3d 1347 (Fed. Cir. 2007)..........................................................................................6

*Inline Connection Corporation v. AOL Time Warner Incorporated,*
  237 F.R.D. 361 (D. Del. 2006) ...........................................................................................4

*Mallinckrodt, Inc. v. Medipart, Inc.,*
  976 F.2d 700 (Fed.Cir. 1992)..............................................................................................7

*McKesson Information Solutions, LLC v. Trizetto Group, Inc.,*
  2005 WL 914776 (D. Del. Apr. 20, 2005).......................................................................4

*Raines v. Switch Manufacturing,*
  44 U.S.P.Q. 2d 1195 (1997 WL 578547) (N.D. Cal. 1997) ........................................8

*Seville Indus. Machinery Corp. v. Southmost Machinery Corp.,*
  742 F.2d 786 (3rd Cir. 1984), *cert. denied,* 469 U.S. 1211 (1985)...........................5

*Symbol Technologies, Inc. v. Hand Held Products, Inc.,*
  2003 WL 22750145 (D. Del. Nov. 14, 2003) ..................................................................4

*U.S. Philips Corp. v. International Trade Com'n,*
  424 F.3d 1179 (Fed. Cir. 2005)..........................................................................................7

*Versa Products Co., Inc. v. Bifold Co. (Mfg.) Ltd.,*
  50 F.3d 189 (3rd Cir. 1995), *cert. denied,* 516 U.S. 808 (1995)................................5

### FEDERAL STATUTES

35 U.S.C. § 102.........................................................................................................................2

35 U.S.C. § 103 ................................................................................................................2

35 U.S.C. § 112 ................................................................................................................2

35 U.S.C. § 271(d)(3) ................................................................................................3, 4, 7

## RULES

F.R.C.P. 9(b) ............................................................................................................ *passim*

F.R.C.P. 12(b)(6) ........................................................................................................1, 2, 3, 8

## PRELIMINARY STATEMENT

Plaintiffs Innovative Patents, L.L.C. and Forcefield, LLC (together, "Plaintiffs") submit this brief is support of their motion under Federal Rules of Civil Procedure ("F.R.C.P.") Rule 12(b)(6) to dismiss Count II of defendant Brain-Pad, Inc.'s ("Defendant") counterclaim for failure to state a claim upon which relief can be granted.

## PROCEDURAL HISTORY

Plaintiffs filed a Complaint and Demand for Jury Trial ("Complaint") on October 29, 2007 seeking declaratory judgment, injunctive relief, compensatory damages, exceptional damages, costs and fees and other just and proper relief arising out of Defendant's infringement of U.S. Patent No. 7,234,174 (the "'174 Patent"). Innovative Patents, L.L.C., is the owner of all title and right to the '174 Patent and Forcefield, LLC, is a licensee under the '174 Patent.

On January 4, 2008, Defendant filed an Answer to Complaint, Counterclaim and Demand for Jury Trial (the "Counterlaim," D.I. 14). Count II of the Counterclaim, titled "Inequitable Conduct/Unenforceability of the '174 Patent," is the subject of the instant motion to dismiss.

## SUMMARY OF ARGUMENT

Count II of Defendant's Counterclaim alleges inequitable conduct and/or patent misuse with regard to the '174 Patent. The great weight of authority, including decisions by this Court, requires a party to plead allegations of inequitable conduct with the particularity required under F.R.C.P. 9(b). In Count II of its Counterclaim, Defendant has provided only conclusory statements and fails to state the allegations of its counterclaim with specificity, including the time, place, and content of any alleged misrepresentations made to the United States Patent and Trademark Office ("USPTO") or otherwise give Plaintiffs notice of the precise misconduct alleged as required for assertions of inequitable conduct and/or patent misuse. As such, Count II of the Counterclaim fails to state a claim for relief and, under F.R.C.P. 12(b)(6) Count II of the Counterclaim must be dismissed.

**STATEMENT OF FACTS**

In Count II of the Counterclaim, Defendant asserts inequitable conduct and unenforceability of the '174 Patent. Analyses of paragraphs 15, 16 and 18 of the Counterclaim are most relevant to demonstrating the deficiency of the pleading. Paragraph 15 of the Counterclaim alleges that the '174 patent is invalid and void under 35 U.S.C. §§ 102, 103 and 112. 35 U.S.C. § 102 establishes the criteria for patentability of an invention with respect to novelty and loss of patent right, 35 U.S.C. § 103 establishes the criteria for patentability of an invention with respect to obviousness and 35 U.S.C. § 112 prescribes formal requirements for a specification and claims of a patent application. Paragraph 15 of the Counterclaim, therefore, recites legal standards and conclusions regarding patentability under most, if not all, requirements for a patent set forth in the Patent Act. In paragraph 16 of the Counterclaim, Defendant alleges that in view of the prior art and the language of the claims of the '174 Patent and by reasons of the proceedings had or taken in the USPTO, Plaintiffs are estopped from maintaining that the claims of the '174 Patent have the scope to "cover and embrace" any product made by Defendant. Paragraph 18 alleges that the '174 Patent is unenforceable by reason of misuse and anti-competitive attempts to assert the '174 Patent. Thus, in paragraph 18, Defendant appears to allege that Plaintiffs are somehow misusing patent rights by asserting infringement claims against Defendant which is contrary to the Patent Act under 35 U.S.C. § 271(d)(3).

These allegations, which form the underlying basis for the alleged inequitable conduct in Count II of the Counterclaim, are mere recitation of legal standards and conclusions and do not provide any facts or circumstances at all, let alone any facts or circumstances with the specificity required for such pleadings, to allow Plaintiffs to understand the actions for inequitable conduct and/or patent misuse in order to properly respond to the charges.

3

**LEGAL ARGUMENT**

**COUNT II OF THE COUNTERCLAIM DOES NOT ALLEGE CLAIMS FOR INEQUITABELE CONDUCT AND/OR PATENT MISUSE WITH THE SPECIFICITY REQUIRED AND THEREFORE MUST BE DISMISSED UNDER F.R.C.P. 12(b)(6)**

Count II of the Counterclaim fails to state any facts, let alone any facts with particularity, to support the assertions of inequitable conduct and/or patent misuse as required under the Federal Rules of Civil Procedure, and the allegations of patent misuse in the Counterclaim are not permitted under 35 U.S.C. § 271(d) (3) because the Patent Act, by operation of statute, provides that patent misuse cannot arise from the mere assertion of patent rights. Therefore, Count II of the Counterclaim must be dismissed.

Inequitable conduct must be pleaded with the particularity required under Rule 9(b) of the Federal Rules of Civil Procedure. *Inline Connection Corp. v. AOL Time Warner Inc.*, 237 F.R.D. 361 (D. Del. 2006); *see also*, *Agere Systems Guardian Corp. v. Proxim, Inc.*, 190 F.Supp.2d 726, 734 (D. Del. 2002) ("Although the Federal Circuit has not ruled on whether Rule 8(a) or Rule 9(b) applies to allegations of inequitable conduct, a majority of federal courts have found that allegations of inequitable conduct (i.e. fraud before the Patent Office) in patent cases, like other allegations of fraud, are subject to the requirements of Rule 9(b)); *McKesson Information Solutions, LLC v. Trizetto Group, Inc.*, 2005 WL 914776, at *3 (D. Del. Apr. 20, 2005) ("A claim of patent unenforceability is premised upon inequitable conduct before the Patent & Trademark Office ("PTO"), which is a claim sounding in fraud. A plaintiff alleging unenforceability, therefore, must plead with particularity those facts which support the claim the patent holder acted fraudulently before the PTO"); *Symbol Technologies, Inc. v. Hand Held Products, Inc.*, 2003 WL 22750145, at *4 (D. Del. Nov. 14, 2003) (dismissing claims of patent unenforceability where allegations were not pled with particularity). Accordingly, to support a claim of inequitable conduct in Count II of the Counterclaim, Defendant must assert allegations

4

in accordance with the strict requirements of F.R.C.P. 9(b).

F.R.C.P 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Rule 9(b) requires Plaintiffs to plead with particularity the circumstances of the alleged fraud in order to place the party on notice of the precise misconduct with which they are charged, and to safeguard against spurious charges of immoral and fraudulent behavior. *Seville Indus. Machinery Corp. v. Southmost Machinery Corp.*, 742 F.2d 786, 791 (3rd Cir. 1984), *cert. denied*, 469 U.S. 1211(1985). With respect to a claim of inequitable conduct this Court has determined that a party cannot merely rely on vague allegations that broadly recite the elements of fraud, but instead must either specify the time, place, and content of any alleged misrepresentations made to the PTO or otherwise give the party notice of the precise misconduct alleged. *Agere Systems*, 190 F.Supp.2d at 734.

Defendant has not provided a single fact in Count II of the Counterclaim which provides any specific information as to the facts and circumstances of the alleged inequitable conduct or any other information to provide Plaintiffs with notice of the precise misconduct alleged.[1] Under the doctrine of inequitable conduct, infringement claims may be rendered unenforceable if a person intended to deceive the USPTO by failing to disclose material evidence. *Versa Products Co., Inc. v. Bifold Co. (Mfg.) Ltd.*, 50 F.3d 189, 207 (3rd Cir. 1995), *cert. denied*, 516 U.S. 808 (1995); *Braun, Inc. v. Dynamics Corp. of America*, 975 F.2d 815, 822 (Fed. Cir. 1992). Nowhere in the Counterclaim are any facts provided as to any specific conduct of Plaintiffs or anyone associated with the patent. There are no allegations which specify any time, place and

---

[1] Although Defendant's Counterclaim is generally devoid of specific facts, in several places Defendant purports to "incorporate by reference" entire paragraphs from Plaintiffs' Complaint, notwithstanding the fact that Defendant answered the Complaint by pleading as to certain of those same paragraphs that it "has insufficient knowledge to admit or deny the truth of the allegations asserted . . . [but t]o the extent that such allegations implicate any liability on the part of the answering defendant, such allegations are denied." *Compare* Defendant's answers to Complaint paragraphs 1-2 and 9-11 with Counterclaim paragraphs 5-6, purporting to incorporate Complaint paragraphs 1-2

content of any inequitable conduct or provide notice to Plaintiffs as to the precise misconduct which would give rise to intent to deceive the USPTO by failing to disclose material evidence.

Rather, Defendant, in paragraph 16 of the Counterclaim, merely alleges conclusory statements that "by reason of the proceedings had or taken in the United States Patent & Trademark Office during and after prosecution of the application for the patent, plaintiff is estopped from maintaining that the claims of the '174 Patent have such scope as to cover and embrace any product that the answering defendant has made, used, offered for sale or sold" and in paragraph 15 sets forth legal standards for patentability under the Patent Act. Conclusory statements cannot form appropriate allegations of inequitable conduct. *See Central Admixture Pharmacy Services, Inc. v. Advanced Cardiac*, 482 F.3d 1347, 1356-57 (Fed. Cir. 2007) (pleading inequitable conduct by alleging only that during prosecution of a patent, the patentee failed to disclose all of the relevant prior art known to it and that by manipulation of various measurements and units, the patentee sought to mislead the USPTO regarding the relationship between the claimed invention and the prior art lacks the requisite particularity). Clearly, there is nothing in Count II of the Counterclaim which provides specific facts as to any circumstances of any alleged inequitable conduct and Count II is even less specific than the allegations found inadequate by the Federal Circuit *Central Admixture*. Thus, the assertions of inequitable conduct in Count II of the Counterclaim are deficient and do not meet the requirements for such pleadings under F.R.C.P. 9(b) and, as such, Count II must be dismissed.

In paragraph 18 of the Counterclaim, Defendant asserts that "[t]he '174 Patent is unenforceable by reason of misuse of the patent by plaintiffs, their agents, attorneys and/or those in privity with plaintiffs by their anticompetitive attempts to assert the '174 Patent." Defendant

---

and 9-11 by reference. Simultaneously disavowing knowledge of specific facts while pleading them in a counterclaim is inconsistent with the Federal Rules of Civil Procedure, particularly F.R.C.P. 11(b).

alleges patent misuse as an allegation in its Counterclaim, however, patent misuse is an equitable defense to patent infringement which arose to restrain practices that did not in themselves violate any law, but that drew anticompetitive strength from the patent right, and thus were deemed to be contrary to public policy. The purpose of the patent misuse defense is to prevent a patentee from using the patent to obtain market benefit beyond that which inheres in the statutory patent right. *U.S. Philips Corp. v. International Trade Com'n*, 424 F.3d 1179, 1184 (Fed. Cir. 2005), *Mallinckrodt, Inc. v. Medipart, Inc.*, 976 F.2d 700, 704 (Fed.Cir.1992). The key inquiry to the defense is whether, by imposing conditions that derive their force from the patent, the patentee has impermissibly broadened the scope of the patent grant with anticompetitive effect. *U.S. Philips Corp.*, 424 F.3d at 1184; *C.R. Bard, Inc. v. M3 Sys., Inc.*, 157 F.3d 1340, 1372 (Fed. Cir. 1998), *cert. denied*, 526 U.S. 1130 (1999). A patent owner otherwise entitled to relief for infringement or contributory infringement, however, cannot be denied relief or be deemed guilty of misuse or illegal extension of the patent right by reason of enforcing his patent rights against infringement or contributory infringement. 35 U.S.C. § 271(d)(3). *See Advanced Cardiovascular Systems, Inc. v. Scimed Systems, Inc.*, 40 U.S.P.Q. 2d 1291, 1294 (1996 WL 467277) (N.D. Cal 1996)).

Defendant has asserted in its Counterclaim patent misuse, however, under the Patent Act, the mere assertion of patent rights against an infringing party cannot provide the basis of patent misuse. The only allegations made in paragraph 18 are that Plaintiffs purportedly are misusing the '174 Patent by their assertion of patent rights. Certainly, such a claim is precluded by the Patent Act under 35 U.S.C. § 271(d)(3) and cannot form the basis for a counterclaim.

Furthermore, even if Defendant were permitted to assert patent misuse as part of Count II of the Counterclaim, the allegations must be pleaded with sufficient notice as to the nature of the

claim. *See, e.g., Advanced Cardiovascular,* 1996 WL 467277, at *4 ("Given the specific exceptions to patent misuse provided by Congress, defendant must plead more than a conclusory allegation of patent misuse in order to provide fair notice of the nature of the defense. Defendant must state how plaintiff has attempted to overbroadly and impermissibly construe its patent such as to cause an anticompetitive effect, and defendant must provide some factual basis for the allegation that plaintiff knew the patent was invalid or unenforceable when plaintiff filed the present action."); *Raines v. Switch Manufacturing,* 44 U.S.P.Q. 2d 1195 (1997 WL 578547) (N.D. Cal. 1997). In the Counterclaim, Defendant merely asserts that the patent is unenforceable by reason of misuse by alleged anticompetitive attempts to assert the '174 Patent. Nowhere in the Counterclaim does Defendant provide any specificity as to any facts of anticompetitive assertion of the '174 Patent or any knowledge on the part of Plaintiffs as to invalidity. Indeed Defendant cannot provide any such facts because Plaintiffs have not asserted the '174 Patent in an anticompetitive manner and the '174 Patent is valid and enforceable. Any allegations of patent misuse set forth in Count II of the Counterclaim lack the requisite specificity required for such pleadings.

Certainly, the allegations set forth in the Counterclaim, particularly paragraphs 15, 16 and 18 which form the basis for Defendant's spurious claims of inequitable conduct and patent misuse, fall well short of the specificity required for such pleadings under F.R.C.P. 9(b) and reasoned precedent from this Court and other courts throughout the country. There is not a single allegation of any circumstances or facts in Count II of the Counterclaim to support the assertions of inequitable conduct and patent misuse. Further, regarding the allegation of patent misuse set forth in paragraph 18, such a claim cannot form the basis of a defense under Patent Act and likewise cannot be pleaded as an allegation to support a claim of inequitable conduct,

8

unenforceability or misuse, or any other assertion. Therefore, Count II of the Counterclaim must be dismissed.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their motion pursuant to F.R.C.P. 12(b)(6) to dismiss Count II of the Counterclaim.

PRICKETT, JONES & ELLIOTT, P.A.

By: _____

Elizabeth M. McGeever (#2057)
J. Clayton Athey (#4378)
1310 King Street, P.O. Box 1328
Wilmington, DE 19899-1328
emmcgeever@prickett.com
jcathey@prickett.com
Ph: (302) 888-6500
*Attorneys for Plaintiffs Innovative Patents,*
*L.L.C., and Forcefield, LLC*

OF COUNSEL:

Joseph J. Fleischman
William R. Robinson
Mark A. Montana
NORRIS McLAUGHLIN & MARCUS, P.A
P.O. Box 1018
Somerville, New Jersey 08876-1018
Ph: (908) 722-0700