**PRICKETT, JONES & ELLIOTT**

A PROFESSIONAL ASSOCIATION

**1310 KING STREET, BOX 1328**

**WILMINGTON, DELAWARE 19899**

**TEL: (302) 888-6500**

**FAX: (302) 658-8111**

http://www.prickett.com

Writer's Direct Dial:
(302)888-6507
Writer's Telecopy Number::
(302)658-8111
Writer's E-Mail Address:
JCATHEY@prickett.com

Dover Office:
11 NORTH STATE STREET
DOVER, DELAWARE 19901
TEL: (302) 674-3841
FAX: (302) 674-5864

January 28, 2008

**VIA ELECTRONIC FILING**

The Honorable Mary Pat Thynge
U.S. District Court for the District of Delaware
844 N. King Street
Wilmington, DE 18901

RE:     *Innovative Patents, L.L.C. et al v. Brain-Pad, Inc.*, C.A. No. 07-680-\*\*\*

Dear Judge Thynge:

In advance of the conference scheduled with Your Honor for this Wednesday, January 30, 2008 at 8:00 a.m., please find filed herewith a Proposed Scheduling Order that has been agreed to by the parties, except where otherwise indicated. Counsel were unable to reach agreement on several issues. Language in the proposed schedule that appears in bold type has been proposed by Plaintiffs and is opposed by Defendant. Language that appears in italics has been proposed by Defendant and is opposed by Plaintiffs.

By separate cover, Plaintiffs intend to submit a brief explanation for the language they have proposed for the Scheduling Order, and we anticipate that counsel for Defendant will file a similar explanatory letter.

Respectfully,

J. Clayton Athey
DE Bar #4378

JCA/sam

cc:     Clerk of Court (*via Electronic Filing*)
Charles J. Brown, III, Esquire (*via Electronic Mail*)

20368.1\358840v1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| INNOVATIVE PATENTS, L.L.C.,<br>and FORCEFIELD, LLC,<br><br>                   Plaintiffs,<br><br>v.<br><br>BRAIN-PAD, INC.,<br><br>                 Defendant. | CASE NUMBER: 1: 07-cv-680-*** |

---

**PROPOSED SCHEDULING ORDER**

---

**[The bold language is proposed by Plaintiffs and opposed by Defendant.]**
*[The language in italics is proposed by Defendant and opposed by Plaintiffs.]*

The Court, having convened an initial Rule 16 scheduling and planning conference pursuant to Local Rule 16 on January 30, 2008, among all counsel, and having heard the parties' positions, and for good cause shown, it is, on this ___day of _____, 2008, HEREBY ORDERED that:

1.    <u>Proceedings before United States Magistrate Judge.</u>  The parties hereby consent to conduct all proceedings relative to this matter, including but not limited to alternative dispute resolution **[when both parties deem it appropriate]**, discovery matters, dispositive motion practice, trial and all other related proceedings, before the Hon. Mary Pat Thynge, U.S.M.J., in accordance with 28 U.S.C. §636(cc), Fed.R.Civ.P. 72-73, and Local (D.Del.) Civ. R. 72.1 & 73.1.

2.    Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard. Unless

otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to

Federal Rule of Civil Procedure 26(a)(1) within five days of the date of this Order. If they have

not already done so, the parties are to review the Court's Default Standard for Discovery of

Electronic Documents, which is posted at http://www.ded.uscourts.gov (see Orders, etc., Policies

& Procedures, Ad Hoc Committee for Electronic Discovery) and is incorporated herein by

reference.

3.    Joinder of Other Parties and Amendment of Pleadings. All motions to join other

parties, and to amend or supplement the pleadings shall be filed on or before May 15, 2008.

4.    *[Mediation.* The parties agree to participate in non-binding mediation.*

    *a.    Procedure.*

        *i.    The parties shall immediately prepare and send to the Magistrate*

*Judge, within 15 days of the date of this order, a position paper not exceeding 10 pages in*

*length. The parties may append to their position papers essential documents only. Pleadings*

*shall not be appended or otherwise submitted unless specifically requested by the Magistrate*

*Judge.*

        *ii.    Counsel and the parties (including individuals with settlement*

*authority) shall attend all mediation sessions unless otherwise directed by the Magistrate Judge.*

        *iii.    The Magistrate Judge may meet with counsel and the parties*

*jointly or ex parte. All information presented to the Magistrate Judge shall be deemed*

*confidential unless requested otherwise and shall not be disclosed by anyone, including the*

*Magistrate Judge, without consent. No statements made or documents prepared for mediation*

*shall be disclosed in any subsequent proceeding or construed as an admission.*

2

*iv.     All proceedings (including motion practice and discovery) shall be stayed for a period of 60 days from the date this civil action is referred to mediation. Any application for an extension of the stay shall be made jointly by the parties to the Magistrate Judge.]*

5.     *[Markman Hearing. On June 9, 2008, the Court shall conduct a Markman hearing, consistent with all requirements under law.]*

6.     Discovery.

a.     Limitation on Hours for Deposition Discovery. Each side is limited to a total of 80 hours of taking testimony by deposition upon oral examination.

b.     Location of Depositions. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision. Local counsel is not required to attend depositions. The parties are free to agree upon the location of depositions.

c.     Discovery Cut Off. All discovery in this case, other than expert discovery, shall be initiated so that it will be completed on or before October 31, 2008. The Court encourages the parties to serve and respond to contention interrogatories early in the case. Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

d.     Disclosure of Expert Testimony. For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony by

service of expert report is due on or before *[September 1, 2008]* **[October 1, 2008]**.  The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party by service of expert report is due on or before *[October 15, 2008]* **[October 30, 2008]**. Along with the service of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition. Which shall be completed on or before *[November 30, 2008]* **[November 21, 2008]**.

To the extent any objection to expert testimony is made pursuant to the principles announced in <u>Daubert v. Merrell Dow Pharm., Inc.</u>, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

e.    <u>Discovery Matters.</u>  Should counsel find they are unable to resolve a discovery matter, the parties involved in the discovery matter(s) shall contact chambers at (302) 573-6173 to schedule a telephone conference.  Not less than forty-eight (48) hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three (3) pages, outlining the issues in dispute and its position on those issues.  (The Court does not seek extensive argument or authorities at this point; it seeks simply a statement of the issue to be addressed and a summary of the basis for the party's position on the issue.) Not less than twenty--four (24) hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three (3) pages, outlining that party's reason for its opposition.  Should any document(s) be filed under seal, a copy of the sealed document(s) must be provided to the Magistrate Judge within one (1) hour of e-filing the document(s).  Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it.  Disputes over protective orders or motions for extension of time for briefing case dispositive motions

which are related to discovery matters are to be addressed in the first instance in accordance with this paragraph.

7.    <u>Application to Court for Protective Order.</u>  Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within ten days from the date of this Order.  Should counsel be unable to reach an agreement on a proposed form of order, the counsel must first follow the provisions of Paragraph 3e above.

Any proposed order should include the following paragraph:

> <u>Other Proceedings.</u>  By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

8.    <u>Papers Filed Under Seal.</u>  When filing papers under seal, counsel should deliver to the Clerk an original and one copy of the papers.

9.    <u>Interim Status Report.</u>  On July 8, 2008, counsel shall submit a joint interim report to the Court on the nature of the matters in issue and the progress of discovery to date.

10.    <u>Status Conference.</u>  On, August 5, 2008, the Court will hold a Rule 16(a), (b) and (c) conference by telephone with counsel beginning at_____ _.m.  Plaintiff's counsel shall initiate the telephone call.  At the time of this conference, counsel shall also be prepared to discuss the progress, if any, of settlement discussions and shall be prepared to discuss the possibility of setting up a settlement conference with the Court, counsel and their clients.

If all parties agree that there is nothing to report, nor anything to add to the interim status report or to this order, they shall notify the Court in writing before the conference is scheduled to occur, and the conference will be taken off of the Court's calendar.

11.    <u>Tutorial Describing the Technology and Matters in Issue.</u>  The parties shall provide the Court by November 1, 2008, a tutorial on the technology at issue.  In that regard, each party may submit a videotape/CD of not more than 30 minutes.  The parties may choose to present the tutorial in person at a time and date to be set by the Court after October 1, 2008.  In either event, the tutorial should focus on the technology in issue and should not be used to argue the parties' claims construction contentions.  If the parties choose to file videotapes/CDs, they should be filed under seal as part of the Court's file, subject to any protective order in effect.  Each party may comment, in writing (in no more than 5 pages) on the opposing party's videotape/CD tutorial.  Any such comment shall be filed within ten (10) days of submission of the videotapes/CDs.  As to the format selected, the parties should confirm the Court's technical abilities to access the information contained in the tutorial.

12.    <u>Claim Construction Issue Identification.</u>  If the Court does not find that a limited earlier claim construction would be helpful in resolving the case, on November 1, 2008, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s).  This document will not be filed with the Court.  Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted on November 15, 2008.  The parties Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the evidence in support of their respective proposed constructions.  A copy of

the patent(s) in issue as well as those portions of the record relied upon shall be submitted with this Joint Claim Construction Chart.  In this joint submission, the parties shall not provide argument.

13.    <u>Claim Construction.</u>  The parties shall contemporaneously submit initial briefs on claim construction issues on December 15, 2008.  The parties' answering/responsive briefs shall be contemporaneously submitted on December 30, 2008.  No reply briefs or supplemental papers on claim construction shall be submitted without leave of the Court.  Local Rule 7.1.3(4) shall control the page limitation for initial (opening) and responsive (answering) briefs.

14.    <u>Hearing on Claim Construction.</u>  Beginning at _____ _.m. on _____, 200__, the Court will hear evidence and argument on claim construction and summary judgment.

15.    <u>Case Dispositive Motions.</u>  All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before *[December 15, 2008]* **[January 9, 2009]**.  Briefing will be presented pursuant to the Court's Local Rules.

16.    <u>Applications by Motion.</u>  Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk.  Unless otherwise requested by the Court, counsel shall not deliver copies of papers or correspondence to Chambers.  Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

17.    <u>Pretrial Conference.</u>  On_____ , 200__, the Court will hold a Final Pretrial Conference in Chambers with counsel beginning at _____ ___.m.  Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3).  The parties shall file with the Court the joint proposed final pretrial order with the information required by the

form of Final Pretrial Order which accompanies this Scheduling Order on or before _____

_____, 200__.

    18.    Motions *in Limine.* Motions *in limine* shall not be separately filed. All *in limine*

requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall

be limited to five *in limine* requests, unless otherwise permitted by the Court. The *in limine*

request and any response shall contain the authorities relied upon; each *in limine* request may be

supported by a maximum of three pages of argument and may be opposed by a maximum of

three pages of argument. If more than one party is supporting or opposing an *in limine* request,

such support or opposition shall be combined in a single three (3) page submission, unless

otherwise ordered by the Court. No separate briefing shall be submitted on *in limine* requests,

unless otherwise permitted by the Court.

    19.    Jury Instructions, *Voir Dire*, and Special Verdict Forms. Where a case is to be

tried to a jury, pursuant to Local Rules 47 and 51 the parties should file proposed *voir dire*,

instructions to the jury, and special verdict forms and jury interrogatories three full business days

before the final pretrial conference. That submission shall be accompanied by a computer

diskette (in WordPerfect format) which contains the instructions, proposed *voir dire*, special

verdict forms, and jury interrogatories.

    20.    Trial. This matter is scheduled for a __ day _____ trial beginning at 9:30 a.m. on

_____, 200_, with the subsequent trial days beginning at 9:00 a.m. For the purpose of

completing pretrial preparations, counsel should plan on each side being allocated a total of

_____ hours to present their case.

                                        _____
                                        UNITED STATES MAGISTRATE JUDGE

8