**PRICKETT, JONES & ELLIOTT**
A PROFESSIONAL ASSOCIATION
**1310 KING STREET, BOX 1328**
**WILMINGTON, DELAWARE 19899**
**TEL: (302) 888-6500**
**FAX: (302) 658-8111**
http://www.prickett.com

Writer's Direct Dial:
(302)888-6507
Writer's Telecopy Number::
(302)658-8111
Writer's E-Mail Address:
JCATHEY@prickett.com

Dover Office:
11 NORTH STATE STREET
DOVER, DELAWARE 19901
TEL: (302) 674-3841
FAX: (302) 674-5864

January 28, 2008

**VIA ELECTRONIC FILING**

The Honorable Mary Pat Thynge
U.S. District Court for the District of Delaware
844 N. King Street
Wilmington, DE 18901

     RE: *Innovative Patents, L.L.C. et al v. Brain-Pad, Inc.*, C.A. No. 07-680-\*\*\*

Dear Judge Thynge:

     Earlier today we filed a joint Proposed Scheduling Order in the above matter. Although the parties have reached agreement on many of the issues in the schedule, as that document reflects, several issues remain unresolved. The following is a brief explanation of Plaintiffs' positions on the contested scheduling issues.

     Regarding the contested language of Paragraphs 1 and 4, Defendant has proposed that the Scheduling Order provide a set of procedures governing mediation, and has drafted those procedures such that the mediation process would begin almost immediately. While there is no disagreement between the parties that Your Honor should conduct all proceedings in this matter, including alternative dispute resolution (ADR), Plaintiffs do not believe it would be productive to engage in ADR until discovery in this matter is completed, or at least until it is very far along. Plaintiffs therefore believe that it is unnecessary to include Defendant's mediation procedures in the proposed scheduling order and oppose the language of Paragraph 4. Additionally, Plaintiffs believe that it is appropriate to include the phrase "when both parties deem it appropriate" in Paragraph 1 of the Order to make clear that ADR will only begin when both parties believe that the time is right. At such time as both parties agree that ADR would be useful, the parties can submit a form of order outlining the ADR procedures.

     With respect to the language of Paragraph 5, Defendant has proposed that the Court schedule a Markman hearing on June 9, 2008. Plaintiffs believe that June 9 is far too early for a claim construction hearing, coming as it does more than 4 1/2 months before the October 31, 2008 fact discovery cutoff the parties have agreed to. Because facts can be uncovered in discovery that can affect the parties' interpretation of the claims, conducting a Markman hearing before the completion of discovery would not be productive. Paragraph 14 of the Scheduling Order, to which Defendant agrees, already contemplates that a hearing on claim construction will take place after the claim construction issue identification deadlines and claim construction briefing deadlines specified in Paragraphs 12 and 13 respectively. For these reasons Plaintiffs

20368.1\357704v1

The Honorable Mary Pat Thynge
January 28, 2008
Page 2

believe that the language of Paragraph 5 should be omitted and that the Markman hearing should be scheduled for sometime after answering briefs on the claim construction issue are filed on December 30, 2008.

Regarding the dates for expert disclosures in Paragraph 6(d), Defendant proposes that opening expert reports should be due on September 1, 2008, Labor Day, and that rebuttal expert reports should be due on October 15, 2008. Plaintiffs propose that opening and rebuttal expert reports should be exchanged on October 1, 2008 and October 30, 2008 respectively. Plaintiffs' proposed dates allow more than adequate time for the exchange of expert reports, and are closer to the proposed fact discovery cut off of October 31, 2008. Plaintiffs' dates are also less likely to interfere with the experts' and counsel's summer travel plans. Also, Plaintiffs have proposed Friday, November 21, 2008 as a more convenient deadline for expert depositions than Defendant's proposal of November 30, 2008, which is the Sunday following Thanksgiving.

Finally, the parties were unable to agree on the filing deadline for case dispositive motions. Defendant has proposed a deadline of December 15, 2008, the same date the parties have agreed to for their initial briefs on claim construction. Plaintiffs would like to avoid scheduling two brief deadlines on the same day, and believe it is in the interests of both parties to complete briefing on claim construction in advance of briefing case dispositive motions. Plaintiffs therefore propose January 9, 2009 as the deadline for filing case dispositive motions.

Counsel for Plaintiffs are prepared to address these issues in greater detail during the scheduling conference this Wednesday, January 30, 2008. Counsel are also available at the call of the Court to answer any questions that Your Honor may have.

Respectfully,

J. Clayton Athey
DE Bar #4378

JCA/sam
Enclosure

cc:     Clerk of Court (*via Electronic Filing*)
        Charles J. Brown, III, Esquire (*via Electronic Mail*)

20368.1\357704v1