A&G | ARCHER & GREINER, P.C.
      ATTORNEYS AT LAW

**"J" JACKSON SHRUM**
*Member of Delaware, New Jersey and
Pennsylvania Bar*

300 DELAWARE AVENUE
SUITE 1370
WILMINGTON, DE 19801
302-777-4350
FAX 302-777-4352

www.archerlaw.com

**Email Address:**
jjshrum@archerlaw.com

**Direct Dial:**      **Direct Fax:**
(302) 356-6632      (302) 777-4352

January 28, 2008

The Honorable Mary Pat Thynge, U.S.M.J.
U.S. District Court of the District of Delaware
844 N. King Street
Wilmington, DE 19801

> RE:    ***Innovative Patents, L.L.C. et al. v. Brain-Pad, Inc.***
> <u>C.A. No. 1:07-cv-680</u>
> <u>**Defendants' Position on Initial Scheduling Order**</u>

Dear Judge Thynge:

I am writing to convey defendants' position concerning the Initial Scheduling Order, e-filed on January 28, 2008, relative to this matter.

In summary, defendant's position is as follows:

1.      Paragraphs 1 & 4: ADR.    The parties' disagreement revolves around the question of when mediation should be conducted.  Plaintiffs proposed to mediate this at the conclusion of discovery, while defendants propose to conduct mediation before discovery.  In defendants' view, conducting mediation after the conclusion of discovery defeats the point of mediation.  Mediation is intended to provide an <u>alternate</u> means of resolving a dispute, without the need of engaging in extensive and expensive litigation; it is also intended to effect a practical solution, conforming to the commercial and business objectives of the parties.  Defendants do not believe that discovery is necessary to achieve this end.  To the extent that the parties are able to reach an amicable resolution of this matter through mediation, the time, effort, and expense of litigation and related discovery will be obviated.  Thus too, the objective of mediation will be served.  Early mediation is in the interests of the parties and this court.  Moreover, the mediation procedures proposed by the defendant in paragraph 4 (and opposed by plaintiffs) are, in the experience of defense counsel, standard mediation procedures which should be put into place now if in fact mediation is to proceed forthwith.

2.      Paragraph 5: Markman Hearing.    Defendants seek an early scheduling of a Markman Hearing, to which plaintiffs object, preferring instead to defer the conduct of a

| *HADDONFIELD OFFICE* | *PRINCETON OFFICE* | *FLEMINGTON OFFICE* | *PHILADELPHIA OFFICE* | *NEW YORK OFFICE* |
|---|---|---|---|---|
| One Centennial Square | 700 Alexander Park | Plaza One | One South Broad Street | 2 Penn Plaza |
| Haddonfield, NJ 08033 | Suite 102 | 1 State Route 12, Suite 201 | Suite 1600 | Suite 1500 |
| P 856-795-2121 | Princeton, NJ 08540 | Flemington, NJ 08822-1722 | Philadelphia, PA 19107 | New York, NY 10121 |
| F 856-795-0574 | P 609-580-3700 | P 908-788-9700 | P 215-963-3300 | P 212-292-4988 |
| | F 609-580-0051 | F 908-788-7854 | F 215-963-9999 | F 212-629-4568 |

The Honorable Mary Pat Thynge, U.S.M.J.
January 28, 2008
Page 2

Markman Hearing until the conclusion of discovery.  In defendants' view, this is a simple case, both legally and technologically.  It involves competing headbands, not arcane technological issues such as would be found in a bio-tech patent.  Moreover, the patent claims in suit are distinct and not complex.  The prosecution history is likewise straightforward.  Discovery will shed little light on most of the claims and defenses asserted.  Subjecting this matter to extensive discovery, including the related time, effort and expense, would be disproportionate to the relative simplicity of the issues raised.  Consequently, the defendants seek an early Markman Hearing in the interests of justice.

3.      Paragraph 6d: Expert Disclosures.  The defense does not object to modest adjustments in this schedule in order to anticipate potential vacation conflicts.  However, a full one (1) month delay in these disclosures seems unnecessary at this juncture.

4.      Paragraph 15: Case Dispositive Motion Deadline.    Again, given the simplicity of the issues implicated in this matter, the defense feels that both dispositive motions and briefs on claim construction can both be filed on December 15, 2008.

In all these matters, we, of course, defer to Your Honor's judgment.  Should you have any questions, please contact me.

Thank you.

Respectfully submitted,

ARCHER & GREINER
A Professional Corporation

By:____/s/"J Jackson Shrum_____
        "J" JACKSON SHRUM (#4757)

JJS/JCC/jcw

*Pro Hac Vice* Counsel:
        John C. Connell, Esquire
        John F. Letchford, Esquire
        Stephanie A. Gannon, Esquire

cc:     J. Clayton Athey, Esquire
        Joseph J. Fleischman, Esquire
        Charles J. Brown, III, Esquire

3091246v1