# PRICKETT, JONES & ELLIOTT
A PROFESSIONAL ASSOCIATION

**1310 KING STREET, BOX 1328**
**WILMINGTON, DELAWARE 19899**
TEL: (302) 888-6500
FAX: (302) 658-8111
http://www.prickett.com

Writer's Direct Dial:
(302)888-6507
Writer's Telecopy Number::
(302)658-8111
Writer's E-Mail Address:
JCATHEY@prickett.com

Dover Office:
11 NORTH STATE STREET
DOVER, DELAWARE 19901
TEL: (302) 674-3841
FAX: (302) 674-5864

February 7, 2008

<u>**VIA ELECTRONIC FILING**</u>

The Honorable Mary Pat Thynge
U.S. District Court for the District of Delaware
844 N. King Street
Wilmington, DE  18901

    RE:    <u>*Innovative Patents, L.L.C. et al v. Brain-Pad, Inc.*, C.A. No. 07-680-JJF-MPT</u>

Dear Judge Thynge:

Following the scheduling conference with Your Honor last Wednesday, January 30, 2008, the parties agreed to the form of Scheduling Order filed herewith. If the proposed schedule meets with Your Honor's approval, we respectfully request that it be entered as an Order.

                            Respectfully,

                            /s/ J. Clayton Athey
                            J. Clayton Athey
                            DE Bar #4378

JCA/sam
Enclosure

cc:    Clerk of Court (*via Electronic Filing*)
        Charles J. Brown, III, Esquire (*via Electronic Filing*)

20368.1\360194v1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INNOVATIVE PATENTS, L.L.C., and FORCEFIELD, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>BRAIN-PAD, INC.,<br><br>Defendant. | CASE NUMBER: 1: 07-cv-680-JJF-MPT |

**SCHEDULING ORDER**

The Court, having convened an initial Rule 16 scheduling and planning conference pursuant to Local Rule 16 on January 30, 2008, among all counsel, and having heard the parties' positions, and for good cause shown, it is, on this ___ day of _____, 2008, HEREBY ORDERED that:

1. <u>Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard.</u> Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) within five days of the date of this Order. If they have not already done so, the parties are to review the Court's Default Standard for Discovery of Electronic Documents, which is posted at http://www.ded.uscourts.gov (see Orders, etc., Policies & Procedures, Ad Hoc Committee for Electronic Discovery) and is incorporated herein by reference.

2. <u>Joinder of Other Parties and Amendment of Pleadings.</u> All motions to join other parties, and to amend or supplement the pleadings shall be filed on or before May 15, 2008, unless otherwise ordered.

3. <u>Mediation.</u> The parties agree to participate in non-binding mediation.

    a. A mediation conference is scheduled for May 9, 2008 beginning at 9:00 a.m. All required participants are to report at this time to Courtroom 6C and to remain available until excused by the Court.

    b. Each party must be represented at the mediation conference by the following required participants: (i) trial counsel; (ii) counsel who is/are familiar with the case; and (iii) the party/parties and/or decisionmaker(s) of the parties, who must have full authority to act on behalf of the parties, including the authority to negotiate a resolution of the matter and to respond to developments during the mediation process. In-person attendance at the mediation conference by the required participants described above is required unless otherwise authorized by the Court. Any request to modify this requirement shall be made in writing to the Magistrate Judge, with a copy to all counsel or pro se parties, no later than fourteen (14) days before the mediation conference.

    c. No later than April 29, 2008, counsel shall submit in writing, for each attorney who will be attending the mediation conference: (i) a direct dial telephone work number; (ii) a cell or home telephone number; and (iii) an electronic mail address where the attorney can be regularly reached. Unrepresented parties shall provide at least one of these three forms of contact information.

    d. On or before April 29, 2008, an original and one copy of a confidential mediation statement shall be submitted ONLY to the Magistrate Judge. The mediation

statements shall not be filed with the Clerk's Office, but shall be delivered to the Clerk's Office in an envelope addressed to U. S. Magistrate Judge Mary Pat Thynge and marked "CONFIDENTIAL MEDIATION STATEMENT." The statements shall not be exchanged among the parties or counsel (unless the parties so desire), shall not be provided to the trial judge, and shall not become part of the record in this matter. Mediation statements shall NOT be electronically filed since they are not part of the Court record.

        e.      The mediation statements may be in memorandum or letter form and shall be double-spaced, in no less than a 12-point font, and be no longer than twenty (20) pages. The mediation statements must contain each of the following headings and must contain a discussion of each of the topics described below: (i) "The Parties": provide a description of who the parties are, their relationship, if any, to each other, and by whom each party is represented, including the identity of all individuals who will be participating on behalf of a party during the mediation conference; (ii) "Factual Background": provide a brief factual background, clearly indicating which material facts are not in dispute and which material facts remain in dispute; (iii) "Summary of Applicable Law": provide a brief summary of the law, including applicable statutes, cases and standards. Copies of any unreported decisions (including decisions from this jurisdiction) that counsel believes are particularly relevant should be included as exhibits (see ¶ 3(f)); (iv) "Honest Discussion of Strengths and Weaknesses": provide an honest discussion of the strengths and weaknesses of the party's claims and/or defenses; (v) "Settlement Efforts": provide a brief description of prior settlement negotiations and discussions, including the most recent offers or demands exchanged between the parties and the party's assessment as to why settlement has not been reached; (vi) "Settlement Proposal": describe the party's proposed term(s) for a resolution. If the party has any suggestions as to how the Court may be helpful in reaching a

resolution, such suggestions should also be described; (vii) "Fees and Costs": list separately each of the following: (a) attorneys' fees and costs incurred to date; (b) other fees and costs incurred to date; (c) good faith estimate of additional attorneys' fees and costs to be incurred if this matter is not settled; and (d) good faith estimate of additional other fees and costs to be incurred if this matter is not settled. In addition to the required topics described above, and provided that the mediation statement complies with the page limit stated above, counsel are encouraged to address any other matter they believe may be of assistance to the Court.

    f.    Crucial or pertinent documents may be submitted as exhibits to the mediation statement. Counsel are cautioned to limit such exhibits.

    g.    The contents of the mediation statements and the mediation conference discussions, including any resolution or settlement, shall remain confidential, shall not be used in the present litigation nor any other litigation (whether presently pending or filed in the future), and shall not be construed as nor constitute an admission. Breach of this provision shall subject the violator to sanctions.

    h.    Before, during, and after the scheduled mediation conference, the Court may find it necessary and useful to communicate with one or more parties outside the presence of the other party or parties.

    i.    Any request to bring electronic equipment (for example, cell phones, blackberries or laptop computers) for use only during the mediation conference shall be made in writing and shall be submitted no later than the date on which mediation statements are due. Any such request shall include the name(s) of the individuals, a list of the equipment requested to be authorized, and a representation that counsel believes the presence of the requested equipment

will be of assistance in the mediation process and the request is not being made just for convenience.

    j.  The required participants shall be available and accessible throughout the mediation process. The Court expects the parties' full and good faith cooperation with the mediation process. In particular, the Court expects both the lawyers and the party representatives to be fully prepared to participate. The Court encourages all participants to keep an open mind in order to reassess their previous positions and to find creative means for resolving the dispute.

  4.  <u>Discovery.</u>

    a.  <u>Limitation on Hours for Deposition Discovery.</u> Each side is limited to a total of 80 hours of taking testimony by deposition upon oral examination.

    b.  <u>Location of Depositions.</u> Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision. Local counsel is not required to attend depositions. The parties are free to agree upon the location of depositions.

    c.  <u>Discovery Cut Off.</u> All discovery in this case, other than expert discovery, shall be initiated so that it will be completed on or before October 31, 2008. The Court encourages the parties to serve and respond to contention interrogatories early in the case. Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

        d.      <u>Disclosure of Expert Testimony.</u>  For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony by service of expert report is due on or before September 15, 2008.  The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party by service of expert report is due on or before October 15, 2008.  Along with the service of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition, which shall be completed on or before November 21, 2008.

To the extent any objection to expert testimony is made pursuant to the principles announced in <u>Daubert v. Merrell Dow Pharm., Inc.</u>, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

        e.      <u>Discovery Matters.</u>  Should counsel find they are unable to resolve a discovery matter, the parties involved in the discovery matter(s) shall contact chambers at (302) 573-6173 to schedule a telephone conference.  Not less than forty-eight (48) hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three (3) pages, outlining the issues in dispute and its position on those issues.  (The Court does not seek extensive argument or authorities at this point; it seeks simply a statement of the issue to be addressed and a summary of the basis for the party's position on the issue.)  Not less than twenty-four (24) hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three (3) pages, outlining that party's reason for its opposition.  Should any document(s) be filed under seal, a copy of the sealed document(s) must be provided to the Magistrate Judge within one (1) hour of e-filing the document(s).  Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it.  Disputes

over protective orders or motions for extension of time for briefing case dispositive motions which are related to discovery matters are to be addressed in the first instance in accordance with this paragraph.

    5.    <u>Application to Court for Protective Order.</u>  Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within ten days from the date of this Order.  Should counsel be unable to reach an agreement on a proposed form of order, the counsel must first follow the provisions of Paragraph 4(e) above.

    Any proposed order should include the following paragraph:

> <u>Other Proceedings.</u>  By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

    6.    <u>Papers Filed Under Seal.</u>  When filing papers under seal, counsel should deliver to the Clerk an original and one copy of the papers.

    7.    <u>Interim Status Report.</u>  On August 6, 2008, counsel shall submit a joint interim report to the Court on the nature of the matters in issue and the progress of discovery to date.

    8.    <u>Status Conference.</u>  On, August 13, 2008, the Court will hold a Rule 16(a), (b) and (c) conference by telephone with counsel beginning at 8:00 a.m.  Plaintiff's counsel shall initiate the telephone call.  At the time of this conference, counsel shall also be prepared to

discuss the progress, if any, of settlement discussions and shall be prepared to discuss the possibility of setting up a settlement conference with the Court, counsel and their clients.

If all parties agree that there is nothing to report, nor anything to add to the interim status report or to this order, they shall notify the Court in writing before the conference is scheduled to occur, and the conference will be taken off of the Court's calendar.

9. <u>Tutorial Describing the Technology and Matters in Issue.</u> The parties shall provide the Court with a tutorial on the technology at issue. The timing of the tutorial will be discussed with Court the at the mediation that is to take place pursuant to Paragraph 3, but the parties propose that each party be permitted to submit a videotape/CD of not more than 30 minutes before November 1, 2008, or if the parties choose to present the tutorial in person, that a time and date for such in person tutorial be set by the Court after October 1, 2008. In either event, the tutorial should focus on the technology in issue and should not be used to argue the parties' claims construction contentions. If the parties choose to file videotapes/CDs, they should be filed under seal as part of the Court's file, subject to any protective order in effect. Each party may comment, in writing (in no more than 5 pages) on the opposing party's videotape/CD tutorial. Any such comment shall be filed within ten (10) days of submission of the videotapes/CDs. As to the format selected, the parties should confirm the Court's technical abilities to access the information contained in the tutorial.

10. <u>Claim Construction Issue Identification.</u> If the Court does not find that a limited earlier claim construction would be helpful in resolving the case, on November 1, 2008, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s). This document will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a

Joint Claim Construction Chart to be submitted on November 15, 2008. The parties Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument. The parties shall discuss the dates for claim construction issue identification in this Paragraph 10 with the Magistrate Judge at the May 9, 2008 mediation and the Court may adjust those dates as appropriate.

11.  <u>Claim Construction.</u> The parties shall contemporaneously submit initial briefs on claim construction issues on December 15, 2008. The parties' answering/responsive briefs shall be contemporaneously submitted on December 30, 2008. No reply briefs or supplemental papers on claim construction shall be submitted without leave of the Court. Local Rule 7.1.3(4) shall control the page limitation for initial (opening) and responsive (answering) briefs. The parties shall discuss the dates for claim construction briefing in this Paragraph 11 with the Magistrate Judge at the May 9, 2008 mediation and the Court shall adjust those dates as appropriate.

12.  <u>Hearing on Claim Construction.</u> The Court will hear evidence and argument on claim construction and summary judgment. The parties shall discuss the date and time for the hearing on claim construction with the Magistrate Judge at the May 9, 2008 mediation.

13.  <u>Case Dispositive Motions.</u> All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before January 9, 2009. Briefing will be presented pursuant to the Court's Local Rules.

14.  <u>Applications by Motion.</u>  Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk.  Unless otherwise requested by the Court, counsel shall not deliver copies of papers or correspondence to Chambers.  Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

15.  <u>Pretrial Conference.</u>  On June 25, 2009, the Court will hold a Final Pretrial Conference in Chambers with counsel beginning at 9:00 a.m.  Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3).  The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies this Scheduling Order on or before June 15, 2009.

16.  <u>Motions *in Limine*.</u>  Motions *in limine* shall not be separately filed.  All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order.  Each party shall be limited to five *in limine* requests, unless otherwise permitted by the Court.  The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument.  If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three (3) page submission, unless otherwise ordered by the Court.  No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

17.  <u>Jury Instructions, *Voir Dire*, and Special Verdict Forms.</u>  Where a case is to be tried to a jury, pursuant to Local Rules 47 and 51 the parties should file proposed *voir dire*, instructions to the jury, and special verdict forms and jury interrogatories three full business days before the final pretrial conference.  That submission shall be accompanied by a computer

diskette (in WordPerfect format) which contains the instructions, proposed *voir dire*, special verdict forms, and jury interrogatories.

18. <u>Trial.</u>  This matter is scheduled for a 5 day jury trial beginning at 9:30 a.m. on July 20, 2009, with the subsequent trial days beginning at 9:00 a.m.  For the purpose of completing pretrial preparations, counsel should plan on each side being allocated a total of 11 hours to present their case.

_____
UNITED STATES MAGISTRATE JUDGE