IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INNOVATIVE PATENTS, L.L.C. and FORCEFIELD, LLC, | : |
| Plaintiffs, | : |
| v. | : Civil Action No. 07-680-MPT |
| BRAIN-PAD, INC., | : |
| Defendant. | : |

### STIPULATED PROTECTIVE ORDER PURSUANT TO RULE 26(c)

**WHEREAS**, Plaintiffs Innovative Patents, L.L.C. and Forcefield, LLC and defendant Brain-Pad, Inc. hereby stipulate and agree, pursuant to Federal Rule of Civil Procedure 26(c), to the entry of the following Stipulated Protective Order to govern the disclosure, dissemination, and use of discovery documents, information or other materials in this action (the "Action") which may contain or relate to confidential, highly confidential, proprietary, or trade secret information of another party or of a third party; and for good cause shown;

**IT IS HEREBY ORDERED** that the following Stipulated Protective Order be entered in this Action:

1. "Confidential Information" shall mean and include any document (whether in hard copy or computer-readable form), thing, information, deposition or other pretrial testimony, interrogatory answers, responses to requests for admissions and/or production, or other information provided in discovery in this Action ("Discovery Material") that contains trade secret or other non-public or confidential research, development, or commercial information within the meaning of Fed. R. Civ. P. 26(c)(7), whether personal or business-related.

2. Certain types of Confidential Information may be further designated, as defined below, as "Highly Confidential Information." The Highly Confidential Information designation shall be reserved for Confidential Information that constitutes, reflects, or concerns trade secrets, know-how or proprietary data, business, financial, technical, commercial information, or highly sensitive information, the disclosure of which is likely to cause harm to the competitive position of the party, entity, or third-party making the confidential designations on Discovery Material ("Producing Party") and/or would be considered highly sensitive to the Producing Party. Information appropriate for designation as "Highly Confidential Information" shall include pending patent applications and current and future strategic, marketing, business, financial or regulatory plans.

3. All such Confidential Information or Highly Confidential Information designations shall be made in good faith by the Producing Party and made at the time of disclosure, production, or tender to the party receiving the same ("Receiving Party"), or at such other time as permitted by this Stipulated Protective Order (the "Order"), provided that the inadvertent failure to so designate does not constitute a waiver of such claim, and a party may so designate a Discovery Material after such Discovery Material has been produced, with the effect that such Discovery Material is thereafter subject to the protections of this Order.

4. The designation of Discovery Material in the form of documents (whether in hard copy or computer-readable form), things, interrogatory answers, responses to requests for admissions and/or production, or any other tangible materials (including, without limitation, CD-ROMs and tapes) other than depositions or other pretrial testimony as Confidential Information or Highly Confidential Information shall be made by the Producing Party in the following manner:

A.  "Confidential Information" Discovery Materials shall be so marked by conspicuously affixing the legend: **CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER,** or a suitable equivalent on each page containing any Confidential Information (or in the case of computer medium on the medium and its label and/or cover) to which the designation applies. On such Discovery Materials that bear a document production number, the Confidential Information legend shall be placed as near as practical to the production number.

B.  "Highly Confidential Information" Discovery Materials shall be so marked by conspicuously affixing the legend: **HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY,** or a suitable equivalent on each page containing any Highly Confidential Information (or in the case of computer medium on the medium and its label and/or cover) to which the designation applies. On such Discovery Materials that bear a document production number, the Highly Confidential Information legend shall be placed as near as practical to the production number. Disclosure of information designated "Highly Confidential Information" shall be limited to persons identified in Subparagraph 10A below. Documents containing such information may be produced to persons identified in Subparagraphs 10B-G in redacted form with the information designated "Highly Confidential Information" redacted, and a notation indicating "Redacted – Highly Confidential - Outside Counsel Eyes Only" or a comparable designation. However, persons identified in Subparagraph 10A shall be entitled to a copy of the unredacted document, which copy shall be provided promptly upon request. The Producing Party and the Receiving Party shall consult in an effort to agree on appropriate redactions. If the Producing Party and the Receiving Party are unable to agree, the Producing Party shall file a motion to seek the "Highly Confidential Information" restriction requested.

Prior to a final decision on any such motion, disclosure shall be postponed until a ruling has been obtained from the Court.

  C. If a document has more than one designation under this Order, the "Highly Confidential Information" designation applies.

  D. All information to be disclosed initially for inspection (such as for selection of materials for copying and production) that the Producing Party wishes to designate as Confidential Information or Highly Confidential Information must, prior to such disclosure, be specified in a writing provided to the Receiving Party (or orally, if followed by the necessary writing) that identifies the specified information as Confidential Information or Highly Confidential Information.

  5. When deposition or other pretrial testimony is or contains Confidential Information or Highly Confidential Information, any attorney of record present may designate that testimony as containing Confidential Information or Highly Confidential Information by timely notifying others present. The reporter shall then so mark each page of the transcript that reports the designated testimony. Alternately, any attorney of record or any party may, during a thirty (30) day period after receipt of a copy of said testimony transcript, designate by page and line or exhibit description those portions of the transcript or exhibits that contain Confidential Information or Highly Confidential Information by sending written notice to counsel for the Receiving Party. All transcripts and exhibits from testimony taken in this Action shall be deemed to contain Highly Confidential Information for thirty (30) days after receipt of a copy of said transcript by counsel of record for the parties. Any attorney of record may also designate the entire testimony transcript of a witness as containing Confidential Information or Highly Confidential Information. If no such designation is made either on record at the time the

testimony is taken or within the time period specified above, the transcripts and exhibits shall not be deemed to contain Confidential Information or Highly Confidential Information. In the event of disagreement about the confidential status of a testimony transcript or exhibit, it shall continue to be treated as "Highly Confidential Information" or "Confidential Information," whichever protection is being sought, until this Court rules otherwise.

6. Any pleading, paper, or other document filed in this Action which contains or discloses Confidential Information or Highly Confidential Information shall be filed under seal and shall be maintained under seal according to the terms of this Order or as otherwise determined by the Court. When filing pleadings that contain Confidential Information or Highly Confidential Information, the party so filing shall designate the following on the first page of filed documents: **UNDER SEAL - SUBJECT TO PROTECTIVE ORDER - CONTAINS CONFIDENTIAL INFORMATION** and shall otherwise comply with the Court's Order and Rules on the subject.

7. The restrictions and obligations set forth in this Order relating to Confidential Information and Highly Confidential Information shall not apply to any Discovery Materials that:

A. have been or become lawfully in the possession of the Receiving Party through communications other than production or disclosure in this Action, or in other litigation, for example, as a result of legitimate business dealings between the parties, unless such Discovery Materials are covered by a separate non-disclosure or confidentiality agreement, in which case the Receiving Party may continue to use such Discovery Materials in the course of its business subject to those agreements; or

  B. have been or become part of the public domain by publication or otherwise and not due to any unauthorized act or omission on the part of the Receiving Party or any of its authorized representative or designees under this Order.

 Nothing herein shall impose any restriction on the use or disclosure by a party of its own documents or information.

 8. Each page of each document and each discrete unit of each tangible item produced in discovery shall, to the extent practicable, bear a prefix identifying the Producing Party and a unique identifying number.

 9. Any information, document or tangible item designated Confidential Information or Highly Confidential Information that is disclosed or produced in connection with this Action and the substance or content thereof, including any notes, memoranda or other similar documents relating thereto, shall be used solely in connection with the disputes between or among the parties concerning this Action and any appeals there from, subject to any further order of this Court regarding confidentiality; and shall not be disclosed to, or used by, any individual or entity except as permitted by this Order. For example, Confidential Information shall not be used to file or prosecute any patent application.

 10. Except as set forth in Subparagraph 4B above, access to Confidential Information shall be strictly limited to the following persons:

  A. Outside counsel for the Receiving Party, and the secretarial, clerical, paralegal, and other supporting personnel of said outside counsel;

  B. Independent experts, vendors or consultants (and their staff, stenographic and clerical employees whose duties require access to such materials) for the Receiving Party who are neither current or previous employees of any party to this litigation nor persons with

current or previous business, financial or technical relationships with any party of this litigation, and who are retained in connection with the disputes between or among the parties concerning this Action. Notwithstanding, this section shall not exclude such persons whose only other current or previous relationship with a party is/was limited to the context of a retained consulting and/or testifying expert in a legal proceeding. Disclosure of Confidential Information to any such expert or consultant, pursuant to this subparagraph, shall be made only after:

(i)     Counsel desiring to disclose Confidential Information to such an expert or consultant obtains a completed and signed undertaking in the form of the Confidential Undertaking attached hereto, which acknowledges that the expert or consultant has received a copy of this Order and has read, understands, and agrees to be bound by it and the jurisdiction of this Court in connection with any proceedings or hearings relating to enforcement of this Order, from the expert or consultant and forwards a copy of said completed and signed undertaking and the expert's or consultant's current curriculum vitae to counsel for the Producing Party, together with a list of all cases in which the expert or consultant has testified at trial or by deposition in the last four (4) years; and

(ii)    Expiration of a period of ten (10) business days, commencing with the receipt by counsel for the Producing Party of a copy of the expert's or consultant's completed and signed undertaking and current curriculum vitae. During this period, counsel for the Producing Party may object in good faith to the disclosure of Confidential Information to this expert or consultant for cause, *e.g.*, an identified conflict of interest. If counsel for the Producing Party fails to object to such disclosure within the prescribed period, any objection to such disclosure shall be deemed waived, except as to a basis for objection that was not known and could not reasonably have been discovered within said ten-day period. In the event that a good-

faith objection is made within the prescribed period, there shall be no disclosure of Confidential Information to the expert or consultant until there is an express written agreement between the Producing Party and the Receiving Party or an order of this Court removing the objection. Absent agreement, the party seeking disclosure to an objected-to expert shall refrain from making any disclosure of Confidential Information to the objected-to expert unless such party obtains an order of the Court removing the objection;

    C. Outside vendors used to copy, image, code, computerize, translate or otherwise process received documents and tangible items. Notwithstanding any other provision of this Order, access to Confidential Information shall be permitted to such vendors, without execution of a Confidential Undertaking form. The outside counsel providing Confidential Information to outside document copying services or document coding, computerization or translating services shall be responsible for overseeing that service's compliance with the provision of this Protective Order;

    D. Non-technical trial consultants and graphics or design firms retained by outside counsel for the Receiving Party for the purpose of preparing demonstrative or other exhibits, including their supporting personnel;

    E. Licensed court reporters and videographers employed in connection with this Action;

    F. This Court and its authorized personnel; and

    G. Persons indicated on the face of a document containing Confidential Information as an author or recipient of the document, but only with respect to such document.

    11. Any person in possession of Confidential Information or Highly Confidential Information shall exercise reasonably appropriate care with regard to the storage, custody or use

of such Confidential Information or Highly Confidential Information in order to ensure that the confidential or highly confidential nature of the same is maintained. Any unredacted copies of Highly Confidential Information retained by outside counsel of the Receiving Party shall be maintained in a locked cabinet in the outside counsel's office, or in such other manner providing equivalent or greater security, when not being reviewed.

12. If Confidential Information or Highly Confidential Information is disclosed to anyone other than in a manner authorized by this Protective Order, the Receiving Party responsible for such disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the Producing Party of the Confidential Information or Highly Confidential Information and make every reasonable effort to retrieve such Confidential Information or Highly Confidential Information and to prevent further disclosure. In addition, the Receiving Party shall, within three (3) business days of the discovery of such disclosure, inform such person of the provisions of this Order and identify such person to the Producing Party and shall request that such person sign an undertaking in the form of the Confidential Undertaking attached hereto if the information is Confidential Information or Highly Confidential Information. If executed, the undertaking shall be served upon counsel of record for the Producing Party within three (3) business days of its receipt by the Receiving Party. The requirements set forth in this Paragraph shall not prevent the Producing Party from applying to the Court for further or additional relief.

13. When Confidential Information or Highly Confidential Information is expected to be discussed, quoted, referred to, or otherwise disclosed in any deposition or other pretrial testimony, any party expecting such disclosure shall ensure that only persons who are permitted by this Order, or any further order of this Court regarding confidentiality, and who have access to

such information are present. The use of any such Confidential Information or Highly Confidential Information for the purpose of any hearing or trial which is open to the public is not addressed at this time, but will be the subject of future agreements or orders as the need may arise. A party whose Confidential Information is or will be used in the taking or providing of any such testimony or evidence may request that the Court restrict access to its Confidential Information or Highly Confidential Information at any trial, hearing or deposition.

14. During the course of preparing for a deposition or testimony, a witness may be shown Confidential Information or Highly Confidential Information documents which on their face reveal that they were authored or received in the normal course of business by the witness. This Order shall not limit a party's examination, at a deposition, hearing, or at trial, of persons who are not authorized to receive Confidential Information or Highly Confidential Information under the terms of this Order, so long as such examination concerns Confidential Information or Highly Confidential Information that the witness authored or previously received, as demonstrated by the Confidential Information or Highly Confidential Information itself or by foundation testimony during a deposition, hearing or trial. This Order shall not prevent counsel from examining a witness in a good-faith effort to determine, without revealing the Confidential Information or Highly Confidential Information, whether he or she authored or previously received the Confidential Information or Highly Confidential Information.

15. Entering into, agreeing to and/or producing or receiving Confidential Information or Highly Confidential Information or otherwise complying with the terms of this Protective Order shall not:

    A. operate as an admission by any party or create an inference that any Discovery Material designated as Confidential Information or Highly Confidential Information

contains or reflects trade secrets or any other type of confidential or proprietary information entitled to protection under applicable law;

   B. prejudice in any way the right of a party to move for an order that materials designated as Confidential or Highly Confidential Information are not confidential within the meaning of Fed. R. Civ. P. 26(c)(7), or that materials designated "Highly Confidential Information" are improperly so designated or for other relief;

   C. prejudice in any way the rights of any party to object to the production of documents it considers not subject to discovery, or operate as an admission by any party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be Confidential Information or Highly Confidential Information;

   D. prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or the evidence subject to this Order;

   E. prejudice in any way the rights of any party to seek a determination by the Court whether any Discovery Material or Confidential Information or Highly Confidential Information should be subject to the terms of this Order;

   F. prejudice in any way the rights of any party to petition the Court for a further protective order relating to any purportedly Confidential Information or Highly Confidential Information;

   G. prejudice in any way the rights of any party to petition the Court for permission to disclose or use particular Confidential Information or Highly Confidential Information more broadly than would otherwise be permitted by the terms of this Protective Order; or

    H. prevent any Producing Party from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular Discovery Material designated as Confidential Information or Highly Confidential Information by that party.

    16. If the Confidential Information of a Producing Party is to be filed by a Receiving Party with this Court in connection with any proceeding in this Action, the Receiving Party shall take all appropriate steps to make and maintain such filing under seal, including compliance with applicable Local Rules of the Court and the requirements set forth in Paragraph 6 above.

    17. Nothing in this Order shall bar or otherwise restrict any attorney from rendering advice to a party-client or, in the course thereof, relying upon his or her knowledge of Confidential Information or Highly Confidential Information; provided, however, that in rendering such advice the attorney shall not disclose any Confidential Information or Highly Confidential Information received from another party, entity or third party to unauthorized persons.

    18. The failure of a party, at the time it receives Discovery Materials designated as Confidential Information or Highly Confidential Information, to challenge or object to the Confidential Information or Highly Confidential Information designations shall not be deemed a waiver of its right to challenge or object to the Confidential Information or Highly Confidential Information designations at any later time. Any party may at any time challenge the designation of any Discovery Materials as Confidential Information or Highly Confidential Information and may request permission to use or disclose information with Confidential Information or Highly Confidential Information designations other than as permitted, pursuant to this paragraph by serving (by facsimile transmission) a written request upon counsel for the Producing Party at least ten (10) business days before the date of the proposed disclosure and by providing

telephonic notice of such request on the same date as the facsimile is transmitted. Such request shall specifically identify the Confidential Information or Highly Confidential Information, including any document production number, sought to be disclosed and the name, title, and function of the person to whom disclosure is desired to be made. The Producing Party shall thereafter respond to the request in writing with ten (10) business days after receipt of same. Absent good cause shown, a failure to respond within such time shall constitute consent to the request. If, where consent has been withheld, the parties are subsequently unable to agree on the terms and conditions of disclosure, the Receiving Party may move for an order changing or removing the designation. On such a motion, the Requesting Party objecting to a confidential designation shall have the burden of proving that the information at issue is not entitled to the designated protection of this Order. Disclosure shall be postponed until the ruling has been obtained from the Court.

19.     Nothing in this Order shall be construed to require disclosure of information, documents or tangible things that counsel contends are protected from disclosure by the attorney-client privilege, the attorney work-product immunity, or any other applicable privilege or immunity. A Producing Party may produce a redacted version of information, documents, or tangible things that counsel contends are protected from disclosure by the attorney-client privilege, the attorney work-product immunity, or any other identified applicable privilege or immunity, identifying where the privileged or immune material was redacted with the designation "Redacted-Privileged" or a comparable designation.

20.     The inadvertent production in discovery of any privileged or otherwise protected or exempted information, as well as the inadvertent production in discovery of information without an appropriate designation of confidentiality, shall not be deemed a waiver or prejudice

of any claim or privilege or protection including but not limited to the attorney-client privilege, the protection afforded to work-product materials or the subject matter thereof, or the confidential nature of any such information, provided that the Producing Party shall immediately take prompt remedial action to withdraw the disclosure and make a good-faith representation in writing to the Receiving Party that such production was inadvertent or mistaken and has since been discovered. Within three (3) business days of receiving a written request to do so from the Producing Party, the Receiving Party shall return to the Producing Party any documents or tangible items that the Producing Party represents are covered by a claim of attorney-client privilege, work-product immunity, or other applicable privilege or immunity and were inadvertently or mistakenly produced. The Receiving Party shall also destroy all copies, summaries of, or notes, memoranda, or analyses relating to, any such inadvertently or mistakenly produced information; provided, however, that this Order shall not preclude the party returning such information from making a motion to compel production of the returned information. The Producing Party shall retain copies of all returned documents and tangible items for further disposition.

21. The inadvertent or mistaken disclosure and/or production of any information, document or tangible item without the designation Confidential Information or Highly Confidential Information shall be brought to the attention of the Receiving Party promptly after discovery of such inadvertence or mistake. Upon receipt of such notice, the Receiving Party shall treat the information contained in or derived from said documents or tangible items as Confidential Information or Highly Confidential Information, as instructed by the Producing Party, unless an Order of this Court otherwise provides. Along with the notice of such inadvertent or mistaken undesignated disclosure or production, the Producing Party shall provide

properly designated documents or tangible items, if applicable. Upon receipt of such notice and properly designated documents or tangible items, if applicable, the Receiving Party shall return or destroy the improperly designated documents or tangible items, and confirm such return or destruction in writing to the Producing Party, substitute the properly designated documents or tangible items for those previously received and treat the information contained in or derived from said replaced documents or tangible items as Confidential Information or Highly Confidential Information, according to the Producing Party's designation, and make reasonable efforts to obtain the prompt return of any Highly Confidential Information or other Confidential Information that may have been provided to someone no longer authorized to see such information.

22. If the discovery process calls for the production of information, documents, or tangible items that a party cannot produce because their disclosure would breach an agreement with or obligation to a third party to maintain such information in confidence, the Producing Party shall, no less than ten (10) business days before the date scheduled for production or as soon as possible after discovery that the disclosure would breach an agreement with or obligation to a third party, give written notice to the third party that its information is subject to discovery in this Action and provide the third party with a copy of this Order. At the same time such written notice is given to the third party, the Producing Party shall advise the putative Receiving Party of: (a) the fact that such notice has been given; (b) the request for production that the material is responsive to; and (c) the name and address of the third party. The requested material shall not be produced by a party to the Action unless the third party so agrees or the requesting party secures a Court order compelling production. Nothing in this Order, however, shall prejudice

any right a party to the Action has to subpoena, serve letters rogatory, or otherwise seek discovery from any third party.

23. In the event that a Receiving Party desires to provide access to Confidential Information to any person not entitled to such access under this Order, the Receiving Party shall first request in writing an agreement to do so from the Producing Party. If the Producing Party declines or fails to enter into such an agreement within ten (10) business days, the Receiving Party may move the Court for an order that such person be given access thereto. In the event that the motion is granted, such person may have access to Confidential Information after first signing an undertaking in the form of the Confidential Undertaking attached hereto, a copy of which shall be forwarded promptly to counsel for the Producing Party, or under such other conditions as to which the Receiving Party and Producing Party may agree or this Court may order.

24. By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this Order who becomes subject to a motion to disclose another party's information designated "Confidential Information" or "Highly Confidential Information" pursuant to this Order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

25. Any violation of the terms of this Order shall be punishable by proven money damages, interim or final injunctive or other equitable relief, sanctions, contempt or Court citation, or such other or additional relief as deemed appropriate by the Court.

26. Until such time as this Order has been entered by the Court, the parties agree that upon execution by the parties, it will be treated as though it has been "So Ordered."

27. Discovery Material produced by third parties may be designated by them as confidential pursuant to the terms of this Order and, when so designated, shall be treated by the parties in conformance with this Order.

28. This Order shall not prevent any party from applying to the Court for further or additional protective orders or other relief.

29. This Order shall survive the termination of this Action. The Court retains jurisdiction subsequent to settlement or entry of judgment to enforce the terms of this Order.

30. After final termination of this Action, including any appeals, outside counsel for a Receiving Party may retain one archival copy of pleadings, briefs, motions, deposition transcripts, deposition exhibits, discovery requests and responses, Court transcripts, Court exhibits, and other submissions to the Court containing Confidential Information. Within sixty (60) days after final termination of this Action, including any appeals, any and all additional Confidential Information or Highly Confidential Information of a Producing Party in the possession, custody, or control of a Receiving Party – or in the possession, custody, or control of any person allowed access to such information under Paragraph 10 of this Order – must be either: (a) returned to outside counsel for the Producing Party; or (b) destroyed and such destruction certified in writing to outside counsel for the Producing Party.

| | |
|---|---|
| PRICKETT, JONES & ELLIOTT, P.A.<br><br>By: _____<br>Elizabeth M. McGeever (#2057)<br>J. Clayton Athey (#4378)<br>1310 King Street<br>Wilmington, DE 19801<br>(302) 888-6500<br>emmcgeever@prickett.com<br>jcathey@prickett.com<br>*Attorneys for Plaintiffs Innovative Patents, L.L.C. and Forcefield, LLC*<br><br>OF COUNSEL:<br>Joseph J. Fleischman<br>William R. Robinson<br>NORRIS McLAUGHLIN & MARCUS, P.A<br>P.O. Box 1018<br>Somerville, NJ 08876-1018<br>(908) 722-0700 | ARCHER & GREINER, P.C.<br><br>By: _____<br>Charles J. Brown, III (#3368)<br>300 Delaware Avenue<br>Suite 1370<br>Wilmington, DE 19801<br>(302) 356-6621<br>cbrown@archerlaw.com<br>*Attorney for Defendant Brain-Pad, Inc.*<br><br>OF COUNSEL:<br>John C. Connell<br>John F. Letchford<br>Stephanie A. Gannon<br>ARCHER & GREINER, P.C.<br>One Centennial Square<br>Haddonfield, NJ 08033<br>(856) 795-2121 |

IT IS SO ORDERED, this _____ day of March, 2008.

_____
U.S.M.J.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INNOVATIVE PATENTS, L.L.C. and FORCEFIELD, LLC, | : <br> : <br> : |
| Plaintiffs, | : <br> : |
| v. | :    Civil Action No. 07-680-MPT <br> : |
| BRAIN-PAD, INC., | : <br> : |
| Defendant. | : <br> : |

## CONFIDENTIAL UNDERTAKING

I, _____, hereby state that:

(a) *My home address is* _____
_____.

(b) *My current employer is* _____, *and my current work address is* _____.

(c) *My current title, occupation, or job description is* _____.

(d) I certify that I am not directly or indirectly involved in the *ex parte* prosecution of patent applications relating to sweat bands for sporting activities that are designed to absorb both perspiration and impact forces. I agree to remain so during the pendency of this litigation. I will not use Confidential Information from this litigation at any time to aid in any prosecution of patent applications relating to sweat bands for sporting activities that are designed to absorb both perspiration and impact forces.

(e) *A copy of my curriculum vitae, which includes, among other things, my prior employment history and any work done in the preceding four years as a testifying expert, is attached hereto (if an expert or consultant).*

*(f)  I have read and understand the provisions of the Stipulated Protective Order entered in this action. I will comply with the provisions of that Stipulated Protective Order. I consent to be subject to the jurisdiction of this Court for enforcement of this Stipulated Protective Order.*

*(g)  I will hold in confidence and not disclose to anyone not qualified under the Stipulated Protective Order any Confidential Information, or any summaries, abstracts or indices of any Confidential Information, that are disclosed to me or that I prepare.*

*(h)  Upon conclusion of the action, including any appeal, I will return all Confidential Information – and any summaries, abstracts and indices thereof, and documents and materials that I received or prepared relating thereto – in my possession to outside counsel for the party for which I was employed, retained, or acted as witness (if an expert or consultant).*

I declare under penalty of perjury under the laws of the State of Delaware and of the United States of America that the foregoing is true and correct.

Dated:_____          _____
                                                                       (signature)