IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|   |   |
|---|---|
| INNOVATIVE PATENTS, L.L.C. and FORCEFIELD, LLC,<br><br>          Plaintiffs,<br><br>v.<br><br>BRAIN-PAD, INC.,<br><br>          Defendant. | Civil Action No. 07-680-MPT |

## REPLY TO AMENDED COUNTERCLAIMS

Plaintiffs Innovative Patents, L.L.C., and Forcefield, LLC ("plaintiffs"), by way of reply to the amended counterclaims of defendant Brain-Pad, Inc. ("defendant"), say:

### AS TO COUNT I

1. Answering paragraph 5, plaintiffs refer to the paragraphs of the complaint referenced. Except as so referenced, plaintiffs deny the allegations of paragraph 5.

2. Answering paragraph 6, plaintiffs admit that United States Patent No. 7,234,174 ("'174 patent'") was duly and legally granted to Carl J. Abraham for an invention entitled "Apparatus for Enhancing Absorption and Dissipation of Impact Forces for Sweatbands"; the '174 patent matured from application Serial No. 11/281,073, filed on November 17, 2005, which is a continuation-in-part of application Serial No. 10/255,866, filed on August 2, 2002, now U.S. Patent No. 6,675,395; and Exhibit A is a true copy of the '174 patent. Except as so admitted, plaintiffs deny the allegations of paragraph 6.

3. Plaintiffs admit the allegations of paragraph 7.

4. Plaintiffs admit the allegations of paragraph 8.

5. Plaintiffs deny the allegations of paragraph 9.

6. Plaintiffs deny the allegations of paragraph 10.

7. Plaintiffs deny the allegations of paragraph 11.

## AS TO COUNT II

8. Answering paragraph 12, plaintiffs repeat their responses to the paragraphs of the Count I.

9. Answering paragraph 13, plaintiffs state that on July 18, 2005 Joseph S. Manzo filed a provisional application for "sweatband impact protector" and refer to the provisional application for its contents. Except as so stated, plaintiffs deny the allegations of paragraph 13.

10. Answering paragraph 14, plaintiffs admit the allegations of the first sentence, deny the allegations of the second sentence, and admit the allegations of the third sentence.

11. Plaintiffs admit the allegations of paragraph 15.

12. Answering paragraph 16, plaintiffs admit the Exhibit D is a true copy of an October 11, 2006 letter that their attorneys sent to defendant and refer to that letter for its contents. Except as so admitted and referenced, plaintiffs deny the allegations of paragraph 16.

13. Answering paragraph 17, plaintiffs admit the Exhibit E is a true copy of an October 30, 2006 letter that defendant's attorneys sent to plaintiffs' attorneys and refer to that letter for its contents. Except as so admitted and referenced, plaintiffs deny the allegations of paragraph 17.

14. Answering paragraph 18, plaintiffs admit the Exhibit E is a true copy of an October 30, 2006 letter that defendant's attorneys sent to plaintiffs' attorneys and refer to that letter for its contents. Except as so admitted and referenced, plaintiffs deny the allegations of

paragraph 18.

15. Plaintiffs admit the allegations of paragraph 19.

16. Answering paragraph 20, plaintiffs admit that Exhibit F is a true copy of Carl J. Abraham's March 30, 2007 supplemental amendment to his application Serial No. 11/281,073, filed on November 17, 2005 ("supplemental amendment"); state that original claim 12 of Carl J. Abraham's November 17, 2005 application reads as follows: "The apparatus as described in claim 1, wherein the insert comprises apertures which function to allow air to pass therethrough"; state that original claim 12 appears unamended in the supplemental amendment; state that the supplemental amendment conformed the drawing and specification to original claim 12; and state that original claim 12 became claim 5 of the issued '174 patent. Except as so admitted and stated, plaintiffs deny the allegations of paragraph 20.

17. Plaintiffs deny the allegations of paragraph 21.

18. Answering paragraph 22, plaintiffs refer to Exhibit C for its contents. Except as so referenced, plaintiffs deny the allegations of paragraph 22.

19. Answering paragraph 23, plaintiffs refer to 37 C.F.R. § 1.56 for its contents. Except as so referenced, plaintiffs deny the allegations of paragraph 23.

20. Answering paragraph 24, plaintiffs state that on March 30, 2007 Carl J. Abraham filed a supplemental amendment to his application Serial No. 11/281,073, filed on November 17, 2005 ("supplemental amendment"); state that original claim 12 of Carl J. Abraham's November 17, 2005 application reads as follows: "The apparatus as described in claim 1, wherein the insert comprises apertures which function to allow air to pass therethrough"; state that original claim 12 appears unamended in the supplemental amendment; state that the supplemental amendment conformed the drawing and specification to original claim 12; and state that original claim 12

became claim 5 of the issued '174 patent. Except as so admitted and stated, plaintiffs deny the allegations of paragraph 24.

21. Plaintiffs admit the allegations of paragraph 25.

22. Plaintiffs deny the allegations of paragraph 26.

23. Plaintiffs deny the allegations of paragraph 27.

24. Plaintiffs deny the allegations of paragraph 28.

25. Plaintiffs deny the allegations of paragraph 29.

26. Plaintiffs deny the allegations of paragraph 30.

27. Plaintiffs deny the allegations of paragraph 31.

28. Plaintiffs deny the allegations of paragraph 32.

## FIRST AFFIRMATIVE DEFENSE

Defendant's amended counterclaims fail to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs have not conducted anti-competitive actions with respect to this lawsuit or the '174 patent.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs have not violated the anti-trust laws.

## FOURTH AFFIRMTIVE DEFENSE

Plaintiffs have not taken any action, violated any laws, or participated in any willful conduct that would entitle defendant to any special damages, treble damages, punitive damages, exemplary damages, costs of suit, or reasonable attorney fees.

## FIFTH AFFIRMATIVE DEFENSE

Defendant filed a claim for a declaratory judgment of invalidity and unenforceability of the '174 patent to harass plaintiffs, to deter plaintiffs and others from competing with defendant, and to cause plaintiffs needless litigation expense, regardless of the outcome of the action.

WHEREFORE, plaintiffs demand judgment in their favor dismissing defendant's amended counterclaims, denying all relief requested by defendant, granting plaintiffs the relief requested in the complaint, and granting such other and further relief as this court deems just and proper.

March 17, 2008

PRICKETT, JONES & ELLIOTT, P.A.

By: _____
Elizabeth M. McGeever (#2057)
J. Clayton Athey (#4378)
1310 King Street, P.O. Box 1328
Wilmington, DE 19899-1328
emmcgeever@prickett.com
jcathey@prickett.com
Ph: (302) 888-6500
*Attorneys for Plaintiffs Innovative Patents, L.L.C., and Forcefield, LLC*

OF COUNSEL:

Joseph J. Fleischman
William R. Robinson
NORRIS McLAUGHLIN & MARCUS, P.A
P.O. Box 1018
Somerville, New Jersey 08876-1018
Ph: (908) 722-0700