## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INNOVATIVE PATENTS, L.L.C. and FORCEFIELD, LLC, | Civil Action No. 1:07-cv-00680-MPT |
| Plaintiffs, | |
| v. | |
| BRAIN-PAD, INC., | |
| Defendant. | |

### MOTION OF DEFENDANT BRAIN-PAD, INC. PURSUANT TO FED. RULE CIV. P. 26(B)(2) AND 33(A)(1) FOR LEAVE TO SERVE IN EXCESS OF 25 INTERROGATORIES

NOW COMES Defendant, Brain-Pad, Inc. ("Brain-Pad") and moves for an order from this Court authorizing Brain-Pad to serve in excess of 25 interrogatories and in support thereof, states as follows.

### BACKGROUND

1.　On October 29, 2007, the Plaintiffs, Innovative Patents LLC and Forcefield, LLC, filed a complaint against Brain-Pad.

2.　On January 14, 2008, Brain-Pad filed an answer and counterclaim.

3.　On February 14, 2008, this Court entered a scheduling order, setting forth a discovery deadline of October 31, 2008.

4.　Plaintiffs have served certain written discovery requests to which Brain-Pad has responded.

5.    Brain-Pad served requests for production of documents, the which the Defendants have responded.

6.    On April 28, 2008, Brain-Pad served its first set of interrogatories, a copy of which is attached hereto as Exhibit A.  The total number of interrogatories, including subparts, in Brain-Pad's first set of interrogatories is 50.

7.    Defendants informed Brain-Pad that they were objecting to and refusing to respond to Brain-Pad's first set of interrogatories on the basis that the number of interrogatories exceeded the limit set forth in Fed.Rule Civ. P. 33.

8.    Counsel for Brain-Pad explained that he made a mistake in referring to old Local Rule 26.1(b) which previously provided a party with the opportunity to serve up to 50 interrogatories but was amended several months prior to Plaintiffs' complaint and asked the Defendants to consent to allow more than 25 interrogatories to be served due to the fact that the controversy is a patent dispute and due to the fact that there are multiple plaintiffs.

9.    Plaintiffs have refused to consent to allow Brain-Pad to serve more than 50 interrogatories stating that Brain-Pad has been flagrantly violating the rules of civil procedure. To date, Plaintiffs have not told Brain-Pad that Brain-Pad's first set of interrogatories would be burdensome to answer.

## ARGUMENT

10.    Fed. Rule Civ. P. 26(b)(2)(A) provides: "By order the court may alter the limits of these rules on the number of depositions and interrogatories ..."  So, while Fed. Rule Civ. P. 33(a)(1) does limit the number of interrogatories that a party can serve to 25 "[u]nless otherwise stipulated or ordered by the court", the 25 limit is clearly not absolute.

11.    Plaintiffs have not suggested that Brain-Pad's first set of interrogatories as written create any kind of burden upon them.  Rather, to date the only reason given as an objection to

serving more than 25 interrogatories is a stated belief that Bain-Pad has flagrantly violated the rules. Examples of the "flagrant" violation of the rules are serving responses to Plaintiffs' discovery requests after the due date and not asking permission to serve more than 25 interrogatories before doing so.

12.    As to the former, while Brain-Pad concedes that it did not provide responses to discovery within the time proscribed by the rules, i.e., within 30 days, it did communicate with the Plaintiffs when it believed that additional time would be required in order respond and requested an extension. The Plaintiffs indicated that a consensual extension would only be provided if Brain-Pad would agree to continue the mediation date. Brain-Pad contacted chambers to determine when a mediation could be rescheduled if the May 9 mediation date was continued. Bain-Pad was advised that another mediation date was not likely until August at which point Brain-Pad advised Plaintiffs that it was not in a position to continue the mediation and would attempt to serve responses to Plaintiffs' discovery requests as quickly as possible.

13.    As to Brain-Pad's failure to seek a stipulation from Plaintiffs before serving discovery, this was a simple error in referring to the local rules that were applicable before June 30, 2007. Brain-Pad respectfully submits that it has not flagrantly violated any rule.

14.    The limit of 25 interrogatories was added to Rule 33 as part of the 1993 amendments to the rules. The advisory committee notes to the 1993 amendments provides: "The aim is not to prevent needed discovery but to provide judicial scrutiny before parties make potentially excessive use of this discovery device. **In many cases it will be appropriate for the court to permit a lager number of interrogatories** in the scheduling order entered under Rule 16(b)." (Emphasis added.)

15.     Courts have permitted a party to serve in excess of 25 interrogatories when a valid reason for exceeding the limit of 25 is articulated.  See Treppel v. Biovail Corporation, 233 F.R.D. 363, 373 (S.D.N.Y. 2006) (request to serve more than 25 interrogatories granted after evaluating the factors in Fed.Civ.P. 26(b)(2)(C) when interrogatories sought relevant information, the cost to the respond to the additional interrogatories was modest and the responses to the interrogatories would likely cause the depositions to proceed in a more n orderly and efficient manner).  See also Banana Service Co. v. United Fruit Co., 15 F.R.D. 106, 108 (D. Mass. 1953) (300 interrogatories were not deemed excessive when the cause of action was an antitrust claim involving the study and investigation of many facts and documents).  Cf. Frost v. Williams, 46 F.R.D. 484, 485  (D. Md. 1969) (200 interrogatories were excessive when the case involved an "ordinary rear end collision between two automobiles").

16.     In Capacchione v. Charlotte-Mecklenburg Schools, 182 F.R.D. 486, 492 (W.D.N.C. 1998), the court required 3 things from the movant in order to allow additional interrogatories: (1) a certification that the movant has sought consent from its adversary and such consent has been refused; (2) that the movant provide the court with the interrogatories that it wished to serve; and (3) make a showing of good cause that the additional interrogatories were more beneficial than burdensome.

17.     This is a patent case.  While the science of this specific patent case is not particularly complicated, the fact remains that it is a patent case and not a simple automobile collision case.  Moreover, there are two plaintiffs in this case.  The rules do allow Brain-Pad to serve 25 interrogatories upon one plaintiff and a different 25 interrogatories upon the other plaintiff without leave of court.  For many of the proposed interrogatories, it is likely that only one of the plaintiffs would be in a position to respond.  Brain-Pad submits that it is the plaintiffs

that are is the best position to determine which one has the knowledge needed to answer a particular interrogatory and Brain-Pad would be at a large disadvantage should it have to guess on this issue and direct an particular interrogatory to the "wrong" plaintiff. Finally, the interrogatories do not seek irrelevant information but rather are narrowly tailored and would assist Brain-Pad in preparing for depositions.

18.    Because this Motion does not raise any novel issue of law or fact, Defendant requests that the requirements of formal briefing Pursuant to Local Rule 7.1.2 be waived.

WHEREFORE, Defendant Brain-Pad, Inc. respectfully requests that this Court enter an order granting its motion for Leave to Serve in Excess of 25 Interrogatories.

ARCHER & GREINER, P.C.

_/s/ Charles J. Brown, III_
Charles J. Brown, III, Esq. (#3368)
cbrown@archerlaw.com
300 Delaware Ave., Suite 1370
Wilmington , DE  19801
Telephone:    (302) 777-4350
Facsimile:    (302) 777-4352

John C. Connell, Esquire
jconnell@archerlaw.com
John F. Letchford, Esquire
jletchford@archerlaw.com
Stephanie A. Gannon, Esquire
sgannon@archerlaw.com          .
Archer & Greiner, P.C.
One Centennial Square
Haddonfield, NJ 08033
Telephone:    (856) 795-2121
Facsimile:    (856) 795-0574
*Attorneys for Defendant, Brain-Pad, Inc.*

Dated: May 22, 2008

# EXHIBIT "A"

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| INNOVATIVE PATENTS, L.L.C. and FORCEFIELD, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>BRAIN-PAD, INC.,<br><br>Defendant. | Civil Action No. 1:07-cv-00680-MPT |

**DEFENDANT'S FIRST SET OF INTERROGATORIES DIRECTED TO PLAINTIFFS**

The Defendant demands of the Plaintiffs, Innovative Patents, L.L.C. and Forcefield, LLC, answers to the following Interrogatories, under oath, within the time prescribed by the rules of the court.

These Interrogatories shall be deemed continuing up to and including the time for trial and any responsive information becoming known to Plaintiffs subsequent to the filing of answers hereto, shall be supplied by supplemental answers.

## DEFINITIONS

For purposes of these Interrogatories, the following terms shall have the following meanings:

1.    "Plaintiffs" or "you" or "your" shall mean Plaintiffs, Innovative Patents, L.L.C. and/or Forcefield, LLC, their officers, directors, agents, servants, employees, attorneys, persons/entities acting on their behalf, and/or businesses owned or controlled by them.

2.    "Defendant" shall mean Brain-Pad, Inc.

3.    "Complaint" shall mean Plaintiffs' Complaint filed in the above captioned action.

4.    "Document" or "Documents," shall mean the originals and all non-identical copies, whether different from the originals by reason of any notation made on such copies or otherwise, whether written graphic, pictorial, photographic, mechanical, taped, electronic, computerized or otherwise, now or formerly in your possession, custody or control.  It includes but is not limited to: all electronically stored information ("ESI"); papers; publications; drafts; telex messages; memoranda (whether formal, informal, to the file, or otherwise); notes; notations; interviews; synopses of interviews; data; work papers; diaries; agendas; bulletins; notices; announcements; folios; inter-office communications; interdepartmental communications; intra-office communications and intra-department communications (whether formal, informal, or otherwise); correspondence, books; transcripts; affidavits; statements; summaries; opinions; court pleadings; stenographic notes; indices; analyses; questionnaires; answers to questionnaires; telephone logs; lists; minutes of meetings and other minutes; test reports; performance reports; and other reports; records; recordings of telephone conversations; interviews; conferences; meetings or other conversations; forms; studies; plans; specifications; evaluations; contracts; agreements; licenses; invoices; checks; drafts; vouchers; bills; receipts; desk calendars; appointment books; calculations; charts; graphs; maps; surveys; renderings; sketches; diagrams; schematics; data sheets; photographs; microfilms; price lists; brochures; pamphlets; manuals; warranties; literature; operation reports; maintenance reports; notebooks; communiqués; schedules; job calendars; cash flow studies; computer studies; computer tapes and discs; e-mail; magnetic tapes; punch cards; computer printouts; data processing input and output; computer programs; computer program coding sheets; any retrievable data whether in computer storage,

2

carded, taped, coded or stored electrostatically, electromagnetically or otherwise, and all transcripts thereof, programming instructions and other material necessary to understand the above-mentioned computer-related items; all other records kept by electronic, photographic or mechanical means; all other writing; and all things similar to any of the foregoing, regardless of their author or origin, however denominated.

The meaning of the words also include voice recordings and reproductions and film impressions of any of the aforementioned writings as well as copies of documents which are not identical duplicates of the originals and copies of documents of which the originals are not in your possession, custody or control.  If originals or original non-identical copies are not available, "Document" or "Documents" includes copies of originals or copies of non-identical copies, as the case may be.

5.    "All documents" means every document, whether an original or copy as above defined, known to Plaintiffs and every such document which can be located or discovered by reasonable diligent efforts.

6.    "Electronically stored information" or "ESI" means information contained in (1) electronic record-making and record-keeping products and systems, such as a Blackberry® and Palm® devices, PDAs, laptops, servers, and smart phones, which store records such as e-calendar data, slideshow presentations, word processed files, spreadsheets, data bases, data warehouse/archives, computer-aided design files, productivity software files, expense reports, blogs and group discussion of bulletin boards, as well as (2) purpose-specific software applications, including but not limited to finite element analysis design software, shared Internet/Intranet secure drop-box records for exchange of sensitive documents, innovations software, collaborative development of software, project management software, work flow

3

management software, searchable product archives software, experimental planning records, electronic lab notebooks, data acquisition software for automated laboratory instruments, data analysis software, data browsers for sharing and querying of data over a network, data warehouses, product data bases, competitive product data bases, project tracking software, 3-D modeling data, design validation and simulation software, manufacturing software, statistical PROCESS CONTROL/QUALITY CONTROL SOFTWARE, invoicing software, costing software, inventory management software, other accounting software and financial documents, customer/vendor data exchange software, business intelligence software, e-commerce software, and human resource management software.

7.      Unless specifically agreed to or ordered otherwise, ESI shall also include information as described above which is contained, stored, or located on or in metadata, TIFF files, PDF files, disk format with TIFF files, back-up devices and tapes, hard drives, memory cards, personal storage devices, files stored on individual computers, system records and logs, network servers, floppy disks, source codes, object codes, and e-mail archives, which may be a part, element, or component of those systems and applications described above.

8.      ESI shall be translated by the Plaintiffs into reasonably useable/searchable form. Unless otherwise agreed by the parties, the Plaintiffs shall produce electronically stored information after converting it to Group IV, single page, 300 dpi TIFF format <u>and</u> either the OCR text separated with page markers if available or, if OCR text separated with page markers is not available, the electronic file in native format.  In addition, for each e-mail, the defendants shall produce the following information in electronic format:

> a.      the Author metadata;
>
> b.      the Recipient metadata;
>
> c.      the "CC" metadata;

    d.     the "BCC" metadata;

    e.     the Subject metadata;

    f.     the Date metadata as follows:

        i.     the Received Date if the Received Date is available;

        ii.     if the Received Date is not available, the Sent Date if the Sent Date is available; or

        iii.     if the Received Date and Sent Date are not available, the Last Modified Date if the Last Modified Date is available.

Defendants reserve the right to require Plaintiffs to produce in native format any electronically stored information or documents, including spreadsheets and databases, for which Group IV, single page, 300 dpi TIFF format or any other format in which they are produced is not reasonably useable.

9.     The terms "concern," "refer to," "relate to," and "reflect" shall be broadly defined to mean relevant to, pertaining to, referencing, directly or indirectly mentioning or describing, being connected with, making reference to, or reflecting upon a stated subject matter.

10.     The conjunctions "and" and "or" shall each be interpreted in every instance as meaning "and/or," and shall not be interpreted disjunctively to exclude any information otherwise within the scope of any description of documents made herein.

11.     The singular shall be construed to include the plural, and vice versa, to make the Interrogatory inclusive rather than exclusive.

12.     The past tense shall be construed to include the present tense, and vice versa, to make the Interrogatory inclusive rather than exclusive.

13.     The masculine pronoun shall be construed to include the feminine, and vice versa, to make the Interrogatory inclusive rather than exclusive.

14.    The term "communication" means any manner or form of information or message transmission, however produced or reproduced, whether by "document" as herein defined or orally or otherwise, which occurred, was made, distributed or circulated between or among persons, or data storage or processing units, and any and all documents containing, consisting of, or relating or referring, in any way, either directly or indirectly, to a communication.

15.    "Statement" means any oral communication, whether or not made in the presence of another person, in a telephone conversation, or in any other context, and regardless of whether it has been reduced to writing or otherwise recorded or referred to in any document.

16.    The phrase "this litigation" shall mean the above-captioned Action entitled Innovative Patents, L.L.C. and Forcefield, LLC v. Brain-Pad, Inc., Civil Action No. 1:07-cv-00680.

17.    As used herein, the terms "identify", "identity" or "identification" means, when used in reference to:

    a.    A natural person, his or her:

        i.    full name;
        ii.    present or last known home address;
        iii.    present or last known business address;
        iv.    social security number, if known, and
        v.    present or last known position, business affiliation and job description.

    b.    A company, corporation, association, partnership or legal entity other than a natural person:

        i.    its full name;
        ii.    a description of the type of organization or entity;
        iii.    the address of its principal place of business;
        iv.    the jurisdiction of incorporation or organization; and
        v.    the date of incorporation or organization.

    c.    A document:

   i.  its type (for example, letter, memorandum, report, etc.);

   ii.  its title;

   iii.  its date;

   iv.  the number of pages thereof;

   v.  its subject matter;

   vi.  the identity of its author, drafter or any person who participated in its preparation;

   vii.  the identity of its addressee or recipient;

   viii.  the identity of each person to whom copies were sent and each person by whom copies were sent;

   ix.  its present location;

   x.  the identity of its custodian; and

   xi.  if any such document was, but is no longer in the possession of or subject to the control of the party answering these interrogatories, state what disposition was made of it and when that disposition was made.

  d.  An oral communication:

   i.  the date, time, and place when and where it occurred;

   ii.  the complete substance of the communication;

   iii.  the identity of each person to whom such communication was made, and

   iv.  each person who was present when such communication was made.

  e.  A facility or location:

   i.  the name and ownership of the facility; and

   ii.  the address of such location.

  f.  A fact, event, thing, act, legal or factual status or condition:

   i.  all knowledge, information or belief possessed by you with regard to the subject of the Interrogatory, as well as all pertinent documents; and, as applicable,

   ii.  the date and time of the event/act;

   iii.  the place of the event/act;

   iv.  description of the act (e.g. the sale of a patented article without authority);

   v.  the name and address of each person who was present at the event;

   vi.  the name and address of each person who has knowledge of the act;

   vii.  the conversation relative to the event, including who was in the conversation and what each person said;

   viii.  identifying any documents corroborating the event/act;

ix.    any facts on which you will rely to prove the above.

g.    A patent or patent application:

    i.    The filing date;
    ii.    The number of the application and/or patent;
    iii.    Name and address of the applicant
    iv.    The name of the country in which the patent and/or application was filed; and,
    v.    The name and address of each person who has possession or custody of a copy of the application and/or the patent.

h.    A litigation:

    i.    The title and docket number of the cause;
    ii.    The identity of the court in which it was filed;
    iii.    The date when it was filed;
    iv.    The claims alleged to have been infringed;
    v.    The judgment rendered, or the present status;
    vi.    A description of each exhibit offered in support of your allegation of infringement, whether or not received in evidence; and,
    vii.    Identification or description of the various publications, prior art patents, and similar exhibits, including machines, marketed prior to the application date of the patent, that were offered in evidence, in opposition to your allegation of infringement, whether or not received in evidence.

18.    The term "person" or "entity" includes natural persons, proprietorships, partnerships, firms, corporations, joint ventures, estates, trusts, receivers, public corporations, other forms of legal entities, municipal corporations, federal, state and local governments, all departments and agencies thereof, and any other governmental agencies, independent establishments, federal instrumentality, government corporations, government-controlled corporations, and subdivisions thereof, political subdivisions, groups, associations or organizations, and any other group or combination acting as an entity.

19.    "The '174 Patent" refers to United States Patent No. 7,234,174.

## INSTRUCTIONS

1.      If in responding to these Interrogatories, you or your counsel either withhold the production of any document or refuse to disclose the substance of any oral communication on the grounds of a claim of privilege, confidentiality or the work product doctrine, compliance with the Federal Rules of Civil Procedure is required and may be fulfilled by stating with respect to any such documents or information, the Interrogatory to which the document or oral communication is responsive, whether the document exists, the date of the document or oral communication, the type of document (e.g., three-page letter, one-paragraph memorandum) or oral communication (e.g., meeting, telephone call, etc.), the subject matter or title of the document or the nature of the oral communication, each person who authored the document or who participated in the oral communication and his or her business title or position, all intended recipients of the document and all persons or organizations who have reviewed or at any time possessed the document, the location of the original and all copies of the document, and the nature of and basis for the privilege or immunity claimed.

2.      In accordance with the Federal Rules of Civil Procedure, the person or persons who answer these Interrogatories shall designate the information contained in these Answers which is not within his or her personal knowledge and as to that information shall state the name and address of every person from whom that information was received or, if the source of any such information is documentary, shall identify the document referred to or relied upon in supplying information or drafting these Answers.

3.      If, with respect to any Interrogatory or part or subpart thereof, you produce business records in lieu of otherwise answering such Interrogatory, the following information must be provided and the following procedures employed:

   a. Specify all documents from which the answer to such Interrogatory may be derived or ascertained;

   b. Produce such documents separately and designate the Interrogatory to which each such document relates.

 4. These Interrogatories are to be deemed continuing so as to require modified and/or supplemental answers in the event that you obtain information pertinent thereto between the time answers are served and the time the above-captioned action is concluded.

 5. Where exact information cannot be furnished, estimated information is to be supplied. Where an estimate is used, it should be identified as such, and an explanation given as to the basis on which the estimate was made and the reason exact information cannot be furnished.

 6. If the answer to all or any part of an Interrogatory is not known or available, include a statement to that effect; specify the portion of the Interrogatory which cannot be completely answered; furnish all information that is known or available; and respond to the entire Interrogatory by serving supplemental answers in writing under oath from time to time thereafter. In addition, if any time after these Interrogatories are answered any information becomes available which calls for any supplement or amendment to, or any modification, deletion, explanation or amplification of, a previous answer, or other additional information responsive to any Interrogatory or part thereof becomes available, provide such additional information in writing and under oath.

 7. If any Document (as defined herein) sought in these Interrogatories has been misplaced, destroyed, erased or cannot be located, state the following separately for each such document:

   a. the Interrogatory to which the document is responsive;
   b. the date of the document;

    c.    the type of document (e.g., letter, memorandum, etc.)

    d.    the subject matter of the document and its title;

    e.    all recipients of the document and the business, legal title or position of each;

    f.    each person who authored the document and his or her business, legal title or position;

    g.    the last known location of the document; and

    h.    the reason the document cannot be produced (e.g., misplaced, destroyed, cannot be located, etc.)

## INTERROGATORIES

1.      Identify the Plaintiffs' full names and the full names for any parent corporations, subsidiaries, divisions or entities associated with or related to the Plaintiffs.

**ANSWER:**

2.      Identify each person who supplied information used in drafting the responses to these Interrogatories or who participated in any way in actually drafting the responses. For each such person, identify the Interrogatory which the person helped draft or for which the person provided information, and identify each document which the person referred to or relied upon in supplying information or drafting the response.

**ANSWER:**

3.      Identify every person with whom you and/or your counsel communicated regarding the '174 Patent and/or any apparatus for enhancing force absorption and dissipation of forces which you believe were made, used, sold, or offered for sale by the Defendant.

**ANSWER:**

4.      Identify all United States, international and foreign patent applications and patents from which the '174 Patent was derived, which have a common origin with the '174 Patent, or which are derived from or are otherwise related to the '174 Patent by content or by claim of priority.

**ANSWER:**

     5.       Describe with particularity all facts, and identify all documents, which support the contentions contained in the following paragraphs of the Complaint:

          a.     12

   **ANSWER:**

          b.     13

   **ANSWER:**

          c.     14

   **ANSWER:**

          d.     15

   **ANSWER:**

6.    Identify any person from whom you or anyone on your behalf obtained any statement concerning this action or its subject matter.  In identifying any such statements, please attach copies of same, and state the name and last known address of each such person; when, where, by whom and to whom each statement was made, whether it was reduced to a writing or otherwise recorded; the name and address of any person who has custody of any such statement that was reduced to writing or otherwise recorded.

**ANSWER:**

7.    Identify each process, device or apparatus (by manufacturer, product name, model number and date of availability) marketed, publicly available or publicly used between 1990 and the present that Plaintiffs contend would infringe on the '174 patent.

**ANSWER:**

8.    State whether you or any person on your behalf obtained any reports, or other written instruments, including any legal opinion on the validity of the '174 Patent, concerning the facts and legal conclusions contained within the Complaint.  If so, for each report state:

a.    the name and address of each author making the report;

**ANSWER:**

b.    the date the report was made;

**ANSWER:**

     c.    the period the report covers;

**ANSWER:**

     d.    the name and address of the person or entity who has the present custody of the report.

**ANSWER:**

9.    Identify all products which have been made commercially available which embody the '174 Patent.

**ANSWER:**

10.    Identify all customers, other than the retail end user customers, of any product which embodies the '174 Patent.

**ANSWER:**

11.    Identify all persons or witnesses who have knowledge of any relevant facts relating to this litigation, including a summary of the facts in their possession.

**ANSWER:**

12.    Identify and attach all documents to which you referred or will refer to in (a) your pleadings, (b) your answers to Interrogatories, and (c) your deposition that are relevant to the claims or defenses in this litigation or which are responsive to these Interrogatories.

**ANSWER:**

13.    Identify any and all proposed expert witnesses, set forth in detail the qualifications of each expert named, attach a copy of each expert's current resume, and provide the substance as to which the experts are expected to testify. Attach true copies of all written reports provided to you by any such proposed expert witnesses; if a report is not written, supply a summary of any oral report provided to you.

**ANSWER:**

14.    Identify any expert who has been retained or specially employed by you in anticipation or litigation or preparation for trial and who is not expected to be called as a witness at trial.

**ANSWER:**

15.    If you intend to rely at trial on any statute, rule, regulation or ordinance, state the exact title and section.

**ANSWER:**

16.    With respect to the allegation that Plaintiff is the owner of the '174 Patent, state a description of each document in the chain of title from the patentee to you, with sufficient particularity so that each may be identified; the name of the office, and the book and page, where each document is recorded; the present location of each document; and the name and address of each person who has the possession or custody of each document, or a copy thereof, indicating the document each person has.

**ANSWER:**


17.    Identify all persons who have ever been licensees under the '174 Patent, identify all license agreements relating thereto, and identify all documents which relate to or refer in any way to negotiations for, offers of, requests for acceptances of, terms and conditions of, and other matters involving proposed or actual licenses under the '174 Patent.

**ANSWER:**


18.    Identify each claim regarding the '174 Patent which the Plaintiffs assert is infringed by the Defendant and state for each claim:

> a.    the specific articles or components made, manufactured, used, sold, or offered for sale by the Defendant and the specific methods used by the Defendant which, the Plaintiffs believe constitute an infringement thereof; and

**ANSWER:**


> b.    identify all documents which refer to or relate in any way to the aforementioned articles, or to components made, manufactured, used, sold, or offered for sale by the Defendant, or to the aforementioned methods used by Defendant, or to any specific acts committed by Defendant which allegedly constitute infringement of the patent in suit.

**ANSWER:**

19.    State whether the Plaintiff has ever abandoned any United States or foreign patent applications which contain subject matter that in any way referred to or related to the subject matter disclosed or claimed in the '174 Patent, and identify each abandoned patent application by serial number, title, filing date, and date of abandonment.

**ANSWER:**

20.    State whether you contend that any act of the Defendant was a direct infringement of any claim of the '174 Patent, as distinguished from an act of contributory infringement, and if so, identify each act, (as defined in the definitions above):

**ANSWER:**

21.    State whether you contend that the Defendant is liable as a contributory infringer, and, if so, state the name and address of each individual, firm or corporation who you allege is the direct infringer; and the facts on which you will rely to prove that Defendant is liable as a contributory infringer.

**ANSWER:**

22.     State whether an action has ever been filed against a party, other than the Defendant, in which it is alleged that the '174 Patent has been infringed, and, if so, identify each litigation (as defined in the definitions above):

**ANSWER:**

23.     With respect to the infringing articles which you claim that the Defendant has made, manufactured, used, sold, or offered for sale, state:

   a.     The number of infringing articles which you claim that the Defendant made, manufactured, used, sold or offered for sale in each of the months from the date of the first infringement, to the date of this litigation;

**ANSWER:**

   b.     The name, address and business of each individual who has knowledge of any fact relative to the alleged infringement; and,

**ANSWER:**

   c.     The description of each document (e.g. a purchase order, bill of sale, canceled check or other similar writings), that tend to prove the claim.

**ANSWER:**

24.     State the date on which you first became aware of the facts constituting the alleged infringement by the Defendant or any of its officers.

**ANSWER:**

25.     State whether you notified the Defendant of the alleged infringement, and, if so, state the date on which you gave notice;  how you have notice; the name and address of the person who gave notice; and, the name and address of each person to whom the notice was given.

**ANSWER:**

26.     Identify any other notices of infringement to any other individual or entity within the five (5) year period immediately prior to the filing of this lawsuit.

**ANSWER:**

27.     Identify the following events, (as defined in the definitions above):

        a.     The time when you claim that the invention set forth in the '174 Patent was conceived;

**ANSWER:**

        b.     The time when the first drawing of the invention set forth in the '174 Patent was made;

**ANSWER:**

      c.      The time when the first written description of the invention set forth in the '174 Patent was made;

**ANSWER:**

      d.      The time when the invention set forth in the '174 Patent was first disclosed to another person;

**ANSWER:**

      e.      The time when the invention set forth in the '174 Patent was first reduced to actual practice; and,

**ANSWER:**

      f.      The time when, after conception of the invention, the first active step was taken toward the reduction of the invention set forth in the '174 Patent to practice.

**ANSWER:**

28.     Describe with particularity all facts, and identify all documents, which tend to show Plaintiffs' development of the invention which is the subject of the '174 Patent.

**ANSWER:**

29.    Describe with particularity all facts, and identify all documents, which tend to show Plaintiffs' commercialization of the invention which is the subject of the '174 Patent.

**ANSWER:**

30.    Describe with particularity all facts, and identify all documents, which tend to show the preparation, filing, and prosecution of the application for the '174 Patent.

**ANSWER:**

31.    Describe with particularity all facts, and identify all documents, which tend to show Plaintiffs' product development beyond the invention which is the subject of the '174 Patent.

**ANSWER:**

32.    Describe with particularity all facts, identify all persons who would have information, and identify all documents, which tend to show Plaintiffs' sales history for the invention which is the subject of the '174 Patent, including but not limited to efforts to mark the patent number by the patentee, efforts to exploit the invention by licensing, selling or enforcing rights in the technology, as well as any transfers of ownership or other rights.

**ANSWER:**

33.     Describe in detail the basis for Plaintiffs' claim of damages.

**ANSWER:**

34.     Describe with particularity all facts, and identify all documents, which tend to show Defendants' state of mind and awareness of the invention which is the subject of the '174 Patent.

**ANSWER:**

35.     Describe with particularity all facts, and identify all documents, which tend to show any non-patent prior art of third parties.

**ANSWER:**

36.     Specify with particularity all objective evidence of non-obviousness upon which Plaintiffs may rely.

**ANSWER:**

ARCHER & GREINER, P.C.

*/s/ Charles J. Brown, III*
Charles J. Brown, III, Esq. (DE-3368)
cbrown@archerlaw.com
300 Delaware Avenue
Suite 1370
Wilmington , DE  19801
Telephone:      (302) 777-4350
Facsimile:      (302) 777-4352

and

John C. Connell, Esquire
jconnell@archerlaw.com
John F. Letchford, Esquire
jletchford@archerlaw.com
Stephanie A. Gannon, Esquire
sgannon@archerlaw.com
Archer & Greiner, P.C.
One Centennial Square
Haddonfield, NJ 08033
Telephone:      (856) 795-2121
Facsimile:      (856) 795-0574

Attorneys for Defendant, Brain-Pad, Inc.

Dated: April 28, 2008

## **CERTIFICATION**

      I hereby certify that the foregoing statements made by me are true.  I further hereby certify that I have attached true and correct copies of all the documents produced in response to these Interrogatories.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.


_____

Innovative Patents, L.L.C. (Print name)

_____

Innovative Patents, L.L.C. (Signature)


_____

Forcefield, LLC (Print name)

_____

Forcefield, LLC (Signature)


Dated: _____, 2008


3074052v1

25

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INNOVATIVE PATENTS, L.L.C. and FORCEFIELD, LLC, <br><br>                  Plaintiffs, <br><br>    v. <br><br> BRAIN-PAD, INC., <br><br>                  Defendant. | Civil Action No. 1:07-cv-00680-MPT |

## ORDER

Upon consideration of the *Motion of Defendant Brain-Pad, Inc. Pursuant to Fed. Rule Civ. P. 26(b)(2) and 33(a)(1) for Leave to Serve in Excess of 25 Interrogatories*, it is hereby ORDERED that the Motion is GRANTED and that the Plaintiffs shall have 30 days from the entry of this order to respond to Defendant's First Set of Interrogatories that were served on April 28, 2008.

Dated:_____          _____
                                        HONORABLE MARY PAT THYNGE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INNOVATIVE PATENTS, L.L.C. and FORCEFIELD, LLC, | Civil Action No. 1:07-cv-00680-MPT |
| Plaintiffs, | |
| v. | |
| BRAIN-PAD, INC., | |
| Defendant. | |

## CERTIFICATE OF SERVICE

I HEREBY certify that on May 22, 2008, I caused a true and correct copy of *Motion of Defendant Brain-Pad, Inc. Pursuant to Fed. Rule Civ. P. 26(b)(2) and 33(a)(1) for Leave to Serve in Excess of 25 Interrogatories*, to be served via electronic mail upon:

Joseph J. Fleischman, Esquire
Norris McLaughlin & Markus, PA
P.O. Box 1018
Somerville, NJ 08876
jjfleischman@nmmlaw.com

J. Clayton Athey, Esquire
Prickett, Jones & Elliott, P.A.
1310 King Street
P.O. Box 1328
Wilmington, DE 19899
JCAthey@Prickett.com

ARCHER & GREINER, P.C.

Dated:  May 22, 2008

*/s/ Charles J. Brown, III*
Charles J. Brown, III, Esq. (DE-3368)
cbrown@archerlaw.com
300 Delaware Ave., Suite 1370
Wilmington , DE  19801
Telephone:     (302) 777-4350
Facsimile:      (302) 777-4352
*Attorneys for Defendant, Brain-Pad, Inc.*

3307265v1