**PRICKETT, JONES & ELLIOTT**
A PROFESSIONAL ASSOCIATION
1310 KING STREET, BOX 1328
WILMINGTON, DELAWARE 19899
TEL: (302) 888-6500
FAX: (302) 658-8111
http://www.prickett.com

Writer's Direct Dial:
(302)888-6507
Writer's Telecopy Number::
(302)658-8111
Writer's E-Mail Address:
JCATHEY@prickett.com

Dover Office:
11 NORTH STATE STREET
DOVER, DELAWARE 19901
TEL: (302) 674-3841
FAX: (302) 674-5864

May 23, 2008

Hon. Mary Pat Thynge, U.S.M.J.
United States District Court
844 N. King Street
Wilmington, DE 19801

      Re:   Innovative Patents, L.L.C. and Forcefield, LLC v. Brain-Pad, Inc.,
             <u>Docket No. 07-cv-680-MPT</u>

Dear Judge Thynge:

      On behalf of plaintiffs Innovative Patents, L.L.C. and Forcefield, LLC ("Innovative"), we write to request that the Court order Joseph Manzo, the principal of defendant Brain-Pad, Inc. ("Brain-Pad") who participated in the May 9, 2008 mediation, to appear for a deposition. We have asked defendant's counsel for dates to depose Mr. Manzo in the first half of June, and Brain-Pad responded there should be an "early Markman, after which we would proceed with discovery deps." Brain-Pad contends "that this will benefit both sides in terms of focusing the issues for discovery and final resolution" and proposes that the parties "proceed with the Markman by June 30." We disagree. Such a schedule would prejudice Innovative and waste time.

      On May 22, 2008, consistent with D. Del. LR 7.1.1, we had a telephonic meet and confer with Brain-Pad's counsel, but we were unable to resolve these issues. We therefore ask that the Court (i) order Mr. Manzo to appear for his deposition in the first half of June, and (ii) adhere to the February 14, 2008 Scheduling Order (D.I. 37) providing for the addressing of claim construction issues after the October 31, 2008 close of fact discovery.

      A Markman hearing at this early stage in discovery would be entirely premature. Indeed, the issues for the proposed Markman hearing have not even been identified. Innovative has not been able to procure from Brain-Pad through written discovery Brain-Pad's claim construction for the asserted patent or the factual basis for its claim construction. At this point in discovery, the parties are not even aware of the specific claim terms or phrases about which there is a dispute. Innovative must obtain through deposition the information it was unable to obtain through paper discovery.

      The Scheduling Order in this case calls for the parties on November 1, 2008 to exchange a list of terms they believe need construction and their proposed claim construction. Accordingly, several of our interrogatories sought information about Brain-Pad's position on claim construction. Brain-Pad, however, objected to several of those interrogatories (Nos. 2, 4, and 5) and otherwise provided incomplete or inadequate answers. Brain-Pad did not provide the basis of its construction.

20368.1\370215v1

Hon. Mary Pat Thynge
May 22, 2008
Page 2

      For one example, in Brain Pad's answer to our Interrogatory No. 3, which asked for a description of the education and experience that Brain-Pad contends a person of ordinary skill in that art would have had in 2005, Brain Pad said that "Brain-Pad cannot comment on the 'legal basis' of its contentions in this suit."  This, however, is a factual inquiry.  The education and experience of one of ordinary skill in the art have a bearing on how the claims should be construed.  Even if experts are going to address this issue in their reports, which are not due until November 2008, Innovative is entitled now to Brain-Pad's factual position.

      These deficient interrogatories underscore the importance of enforcing Innovative's right forthwith to depose Brain-Pad's witnesses on claim construction and other issues.  In its answer to Interrogatory No. 7, Brain-Pad identified Mr. Manzo and John Letchfield as the two people who have knowledge or information regarding Brain-Pad's position on claim construction.  We want to start, in the first half of June, with Mr. Manzo.

      Like the early mediation Brain-Pad pushed for over Innovative's objections that the mediation process would be more fruitful once discovery was completed or near completion, Brain-Pad now proposes another "early" activity before discovery proceeds in earnest.  Aside from whether the Court could accommodate the schedule that Brain-Pad seeks, we believe that Brain-Pad's proposed "early" activities, before depositions are taken and discovery is completed, are exercises in futility whose only purpose is to use up as much time as possible against the October 31, 2008 discovery cut off.

      There cannot be a Markman hearing without discovery.  We do not know which terms are disputed.  We do not have Innovative's claim construction or any testimony or other evidence as to the basis for Brain-Pad's position on claim construction.  An "early" Markman would prejudice Innovative by denying it the opportunity to learn and explore fully Brain Pad's position on claim construction and other issues.

      In sum, we respectfully request that the Court (i) order Mr. Manzo to appear for his deposition in the first half of June, and (ii) adhere to the February 14, 2008 scheduling order providing for the addressing of claim construction issues after the October 31, 2008 close of fact discovery.

                              Respectfully submitted,

                              J. Clayton Athey (#4378)

JJF:ja
cc:    John C. Connell, Esq. *(via Email)*
       Charles J. Brown, III, Esq. *(via Email)*

20368.1\370215v1