**PRICKETT, JONES & ELLIOTT**
A PROFESSIONAL ASSOCIATION
1310 KING STREET, BOX 1328
WILMINGTON, DELAWARE 19899
TEL: (302) 888-6500
FAX: (302) 658-8111
http://www.prickett.com

Writer's Direct Dial:
(302)888-6507
Writer's Telecopy Number::
(302)658-8111
Writer's E-Mail Address:
JCATHEY@prickett.com

Dover Office:
11 NORTH STATE STREET
DOVER, DELAWARE 19901
TEL: (302) 674-3841
FAX: (302) 674-5864

May 28, 2008

**VIA E-FILING**

The Honorable Mary Pat Thynge, U.S.M.J.
United States District Court
844 N. King Street
Wilmington, DE 19801

    Re:    Innovative Patents, L.L.C. and Forcefield, LLC v. Brain-Pad, Inc.,
             Docket No. 07-cv-680-MPT

Dear Judge Thynge:

    Plaintiffs Innovative Patents, L.L.C. and Forecefield, LLC ("Innovative") submit this letter in opposition to defendant Brain-Pad, Inc.'s May 23, 2008 letter requesting leave from the Court to exceed the number of interrogatories permitted by Federal Rule of Civil Procedure ("FRCP") 33(a)(1). On April 28, 2008, Innovative's counsel received an e-mail from Brain-Pad purporting to serve Defendant's First Set of Interrogatories ("Defendant's Interrogatories"), which contained 50 interrogatories, inclusive of subparts.[1] On May 2, 2008, we sent defendant a letter objecting to the interrogatories as contrary to FRCP 33(a)(1), which provides in relevant part that, "a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." We informed Brain-Pad that the interrogatories are unduly burdensome, and suggested that defendant revise the interrogatories to conform to the rules. Brain-Pad has instead opted to ask Your Honor to approve retroactively its excessive number of interrogatories.

    The fact that plaintiffs are being asked to answer twice the number of interrogatories permitted by FRCP 33 is inherently burdensome. Plaintiffs' First Set of Interrogatories ("Plaintiffs' Interrogatories") to Defendant, served March 5, 2008, contained only eight numbered interrogatories. Plaintiffs have found the number of interrogatories permitted by the Rules to be adequate, and defendant has made no showing as to why the extra interrogatories it seeks are necessary.[2] Rule 33 is clear that no party is permitted to serve more than 25

---

[1] Defendant's May 23 letter submission is silent as to the total number of interrogatories in Defendant's Interrogatories. However, Brain-Pad's May 22, 2008 Motion Pursuant to Fed. Rule Civ. P. 26(b)(2) and 33(a)(1) for Leave to Serve in Excess of 25 Interrogatories (D.I. 54), which the Court ordered defendant to withdraw on May 23 because it failed to comply with Paragraph 3(e) of the Scheduling Order, provided that "[t]he total number of interrogatories, including subparts, in Brain-Pad's first set of interrogatories is 50." Mot. ¶ 6.

[2] Defendant's counsel's representation that Brain-Pad served an excessive number of interrogatories because counsel was not aware of a revision to D. Del. LR 26.1(b) is irrelevant. While such an error may be understandable, it does not justify the relief defendant seeks. *Snyder v. U.S.*, 2007 WL 1695651, at *1 (D. Del. Feb. 12, 2007) ("The

interrogatories unless otherwise stipulated by the parties or ordered by the Court. As stated by the Advisory Committee Notes to the 1993 Amendment to FRCP 33, the requirement that a party obtain the Court's approval to exceed the 25 interrogatory limit is designed to "provide judicial scrutiny *before* parties make potentially excessive use of this discovery device" (emphasis added).[3]

Defendant cites a North Carolina case, *Capacchione v. Charlotte-Mecklenburg Schools*, 182 F.R.D. 486 (W.D.N.C. 1998), as providing a standard the Court should apply in determining whether to allow a party to serve additional interrogatories. Among the *Capacchione* requirements is that the moving party must make "an express showing of good cause," i.e., that the extra interrogatories are more beneficial than burdensome. *Capacchione*, 182 F.R.D. at 492. Notably, the *Capacchione* court rejected the moving party's request to exceed the allowed number of interrogatories because the movant's papers failed to "adequately set forth why [the] additional interrogatories are needed" and failed to "explain the nature or subject matter of the additional interrogatories." *Id.*

The Court should reach the same result in the instant case because Brain-Pad has not made a showing of good cause. Brain-Pad has failed to explain why it needs the additional interrogatories. Defendant's only argument that good cause exists for the additional interrogatories is that "this is a patent case." Innovative does not believe that anything about patent cases inherently requires parties to serve more than 25 interrogatories. Plaintiffs have found 25 interrogatories to be adequate. But even if defendant believed that patent cases inherently require more discovery than other kinds of cases, they should have raised the issue during discussions about the scheduling order. D. Del. LR 16.1(b)(2) contemplates that the expansion of the number of interrogatories the parties will serve is something to be considered at the Rule 16(b) conference. Defendant failed to raise the issue at that time. In any event, the time for defendant to seek approval of its excessive number of interrogatories was before they were served.

---

court expects officers of the court to follow the rules of the court and the Federal Rules of Civil Procedure."). Counsel's error can be cured easily by revising the interrogatories to comply with FRCP 33.

[3] This is not the first time defendant has ignored discovery procedures in this action. Defendant's responses to Plaintiffs' Interrogatories were due on April 4, 2008. Several days after the due date, on April 7, 2008, defendant's counsel contacted counsel for Innovative to discuss an extension for the interrogatory responses. Although the parties were unable to agree to the terms of an extension, defendant's counsel nevertheless failed to serve its interrogatory responses until *May 1, 2008, nearly four weeks after they were due*. Defendant's failure to comply with the Rule 33(b)(2) 30-day deadline meant that plaintiffs did not have the benefit of defendant's interrogatory responses when they provided their Confidential Mediation Statement to the Court on April 29.

Similarly, defendant served its responses and objections to plaintiffs' Rule 34 document requests, due April 21, 2008, *five days late on April 25, 2008*. Defendant never requested an extension from plaintiffs or from the Court and never provided an explanation for its failure to serve its responses and objections on time. It is in this context that plaintiffs have refused to accept double the number of interrogatories permitted by Rule 33 after defendant failed to seek a stipulation concerning the extra interrogatories before they were served.

Hon. Mary Pat Thynge
May 28, 2008
Page 3

    Defendant's argument that it should be allowed 50 interrogatories because there are two different plaintiffs is makeweight. This argument ignores the clear language of Rule 33(a) and belies common sense. By defendant's logic, had there been four plaintiff entities, it would be appropriate for all four plaintiffs to respond to 100 interrogatories.

    For the foregoing reasons, defendant's motion to exceed the limitations of FRCP 33(a)(1) should be denied.

Respectfully submitted,

J. Clayton Athey (#4378)

JCA/lak

cc:    John C. Connell, Esq. *(via Email)*
        Charles J. Brown, III, Esq. *(via Email)*
        Joseph J. Fleischman, Esq. *(via Email)*
        William R. Robinson, Esq., *(via Email)*
        Christopher S. Casieri, Esq. *(via Email)*

20368.1\370334v1