IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INNOVATIVE PATENTS, L.L.C. and FORCEFIELD, LLC,<br><br>     Plaintiffs,<br><br>v.<br><br>BRAIN-PAD, INC.,<br><br>     Defendant. | :<br>:<br>:<br>:<br>:<br>: Civil Action No. 07-680-MPT<br>:<br>:<br>:<br>:<br>: |

## PLAINTIFFS' NOTICE OF DEPOSITION
## OF DEFENDANT UNDER RULE 30(b)(6)

TO: Charles J. Brown, III, Esquire
   Archer & Greiner, P.C.
   300 Delaware Avenue, Suite 1370
   Wilmington DE 19801

**PLEASE TAKE NOTICE** that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure and Rule 26.1 of the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware, Plaintiffs Innovative Patents, L.L.C. and Forcefield, LLC will take the testimony upon oral examination of Brain-Pad, Inc. ("Defendant").

Defendant shall designate one or more officers, directors, managing agents, or other persons to testify on its behalf on each of the topics set forth in the attached Schedule A.

The deposition will be taken before a qualified notary public or before some other officer authorized by law to administer oaths. The deposition will be recorded by stenographic and videographic means, and will continue from day to day until completed.

Said deposition upon oral examination will be conducted on July 28, 2008, at 10:00 a.m., at the offices of Archer & Greiner, P.C., One Centennial Square, Haddonfield , NJ 08033.

**PLEASE TAKE FURTHER NOTICE** that you are invited to attend and cross-examine.

June 12, 2008

PRICKETT, JONES & ELLIOTT, P.A.

By: _____
Elizabeth M. McGeever (#2057)
J. Clayton Athey (#4378)
1310 King Street, P.O. Box 1328
Wilmington, DE 19899-1328
emmcgeever@prickett.com
jcathey@prickett.com
Ph: (302) 888-6500
*Attorneys for Plaintiffs Innovative Patents, L.L.C., and Forcefield, LLC*

OF COUNSEL:

Joseph J. Fleischman
William R. Robinson
NORRIS McLAUGHLIN & MARCUS, P.A
P.O. Box 1018
Somerville, New Jersey 08876-1018
Ph: (908) 722-0700

2

## **SCHEDULE A**

## **DEFINITIONS AND INSTRUCTIONS**

As used herein, the following terms shall have the following meanings:

1.  "Action" refers to the case entitled *Innovative Patents, L.L.C. and Forcefield LLC v. Brain-Pad, Inc.*, civil action no. 07-cv-680-MPT, pending in the United States District Court for the District of Delaware.

2.  "Brain-Pad Product" means the Brain-Pad, Inc. sweat bands that are the subject of this action, including any similar or associated product manufactured, used, sold, or marketed by or on behalf of Defendant, including any licensee, franchisee, or any other person having the authority to make, use, or sell any Brain-Pad Product. The Brain-Pad Product shall be construed to include any prototype or precursor product developed, tested, test marketed, sold, or provided by or on behalf of Defendant.

3.  "Concerning" means relating to, referring to, describing, evidencing, or constituting.

4.  "Brain-Pad" refers to Brain-Pad, Inc. and its officers, directors, employees, representatives, agents, parents, subsidiaries, affiliates, predecessors or successors in interest, related entities, and all other persons or entities acting for or on their behalf.

5.  "Include" and "including" shall each be interpreted in every instance as being illustrative of the information requested, shall be read as "including but not limited to," and shall not be interpreted to exclude any information otherwise within the scope of these interrogatories.

6.  "Person" means any natural person or any business, legal or governmental entity or association.

7. "Third party" refers to individuals or entities that are not a party to this action.

8. The term "all" and "each" shall be construed as all and each.

9. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these interrogatories any documents that might otherwise be construed to be outside of their scope.

10. The singular form of a word shall be interpreted as plural and vice versa whenever appropriate in order to bring within the scope of these interrogatories any documents that might otherwise be construed to be outside of their scope.

11. To the extent no time period is specified, the request covers all time periods from the creation of any document or the occurrence of any event requested to the present.

## DESCRIPTION OF MATTERS ON WHICH EXAMINATION IS REQUESTED

1. The actual or anticipated demand for, preference for, or acceptance of the Brain-Pad Product, including market studies.

2. The development, manufacture, testing, marketing, and sales of the Brain-Pad Product.

3. The sales and profits of the Brain-Pad Product from June 26, 2007 to the present.

4. The negotiation, execution, and performance of any agreement, understanding, or arrangement between Brain-Pad and Full 90 concerning the Brain-Pad Product or this Action, including but not limited to the issuance of purchase orders pursuant to any purchase or supply agreement, understanding, or arrangement all certificates on quality assurance tests, and any specifications prepared pursuant to the agreement.

5. All agreements under which Brain-Pad supplied the Brain-Pad Product to any third party.

6. Patent licensing agreements or patent assignments of headbands or sweatbands.

7. Brain-Pad's answers to Plaintiffs' Interrogatories.

8. Brain-Pad's Counterclaim of inequitable conduct.

9. The negotiation, execution, and performance of any agreement, understanding, or arrangement between Brain-Pad and any other third party concerning the Brain-Pad Product or this Action, including but not limited to the issuance of purchase orders pursuant to any purchase or supply agreement, understanding, or arrangement all certificates on quality assurance tests, and any specifications prepared pursuant to the agreement.

10. Ownership, shareholder, directors, and employees of Brain-Pad from the beginning of the development of the Brain-Pad Product to present.