IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INNOVATIVE PATENTS, L.L.C. and FORCEFIELD, LLC, | : : : |
| Plaintiffs, | : : |
| v. | : C. A. No. 07-680-MPT |
| BRAIN-PAD, INC., | : : : |
| Defendant. | : |

### MEMORANDUM ORDER

At Wilmington this **4th** day of **November, 2009**.

Defendant moves for fees and costs incurred on the basis that plaintiffs failed to provide a qualified and appropriate Rule 30(b)(6) designee pursuant to defendant's deposition notices. Defendant purports that Linda Moskowitz, a corporate officer and deposition designee of plaintiffs, was incapable of providing competent testimony regarding the issues listed in the deposition notices. Specifically, defendant alleges that Ms. Moskowitz did not have knowledge on such topics as the corporate structure, marketing or sales of the ForceField head band, patent licensing agreements or assignments, customers and the basis for plaintiffs' claim for damages. Defendant notes that she frequently advised that certain questions were topics for Carl[1] or Jane.[2] Relying on Fed. R. Civ. P. 37(d), defendant requests an order requiring plaintiffs to pay

---

[1] "Carl" refers to Dr. Carl Abraham, who has been previously deposed. According to defendant, during his deposition, Dr. Abraham advised that he did not have information regarding certain topics, such as marketing and manufacturing of the product and that Ms. Moskowitz was knowledgeable of those topics.

[2] "Jane" apparently is Jane Grinch, one of the three founders of Innovative Patents, who does the company's legal work.

reasonable expenses, including attorneys' fees, for the failure to cooperate in discovery, for the motion for fees and costs and for the additional expenses to be incurred for the follow-up deposition of Linda Moskowitz. The total amount of expenses, including reasonable attorneys' fees, is $36,000. Defendant also generally asks for an adverse inference against plaintiffs regarding "several issues addressed in its deposition notices," such as the basis for damages, an order prohibiting plaintiffs from introducing certain matters into evidence and the catch-all phrase "any and all other relief that this . . . Court deems just and proper."

Not surprisingly, plaintiffs oppose defendant's motion, excusing any alleged failure as obviously being outside the knowledge of Linda Moskowitz, which has been made apparent in prior discovery responses. For example, plaintiffs note that product testing and all items of a technical nature are the sole responsibility of Dr. Abraham, as discussed throughout the discovery. Plaintiffs maintain that on certain topics, Ms. Moskowitz testified in detail, such as pricing and marketing, primarily and almost solely through trade shows and the internet. They rely on the "no harm, no foul" excuse and the "re-useable work" argument that because Ms. Moskowitz will be re-deposed, the work in preparing for her first deposition will not go to waste and defendant may use the exact or at least a similar outline previously drafted for her deposition. Further, plaintiffs emphasize Ms. Moskowitz identified the then current sales figures regarding the product to the best of her ability based on "the information that had been compiled and summarized at such time," noting that since then an accountant and bookkeeper have been engaged to prepare by October 15, 2009 an official balance sheet (by year) which will illustrate information such as plaintiffs' expenses, profits and founders' initial and

subsequent contributions, their sales figures by year and their tax returns.

Having reviewed Ms. Moskowitz deposition, it was very clear that she could not respond on a number of topics listed in the deposition notice. She was identified by plaintiffs as a Rule 36 witness with knowledge on those topics. She did not have information, for example, regarding facts to support plaintiffs' damages claim and clearly a number of documents had not been produced. Whether they had been previously requested, the court does not know, but suspects that certain obvious categories had been covered or included in defendant's paper discovery requests. However, what also is abundantly clear, is that plaintiffs are two small corporations with essentially three people at the helm, whose division of responsibility at times is blurred and not clearly defined. Although Ms. Moskowitz is responsible for "marketing," it is clear that beyond trade shows and plaintiffs' internet site, and handing out limited free samples at trade shows or to her friends and associates, there really is no other type of "marketing." To some extent, plaintiffs are slightly a cut above a "mom and pop" operation. It is also apparent that maintaining corporate records has not been plaintiffs' forte. However, that does not excuse representing an individual, such as Ms. Moskowitz, as being proficient and knowledgeable to testify on numerous topics, when her acquaintance with certain areas was very limited or non-existent. Her limited awareness becomes more problematic when a second member of the group of three, Dr. Abraham, previously indicated that she was more conversant than she actually was.

Further, the parties, throughout this case, have "picked at" each other – not constantly, but consistently. By having deposed Dr. Abraham on more than one occasion and now having the opportunity to re-depose both Dr. Abraham and Ms.

3

Moskowitz with more complete documents, including the information from the accountant and bookkeeper, hopefully, defendant's further discovery may be more focused and more aware of who potentially knows what.

As a result, the court will order certain fees and costs to be reimbursed by plaintiffs, recognizing that considerable preparation has occurred previously and that re-education and re-preparing will also be required.  The court is also concerned with the amount of initial time and related expenses in originally preparing for Ms. Moskowitz's deposition

Although the court is presently disinclined at this stage to employ the "rock-paper-scissors" approach recommended by the Honorable Gregory A. Presnell of the United States District Court of the Middle District of Florida in *Avista Management, Inc. v. Wausau Underwriters Insurance Company*,[3] it may consider such approach in the future.  Therefore,

IT IS ORDERED and ADJUDGED that defendant's motion for fees and costs (D.I. 116) is granted in part, and denied in part.  Judgment is entered in favor of defendant and against plaintiffs in the amount of $15,000 in fees and costs for the deposition of Linda Moskowitz taken on March 27, 2009 and for her continued deposition.

/s/ Mary Pat Thynge
UNITED STATES MAGISTRATE JUDGE

---

[3] Case No. 6:05-cv-1430-Orl-31JGG, 2006 WL 1562246 (M.D. Fla. June 6, 2006).